TUDOR
*vs*
GOODLOE.
usurious contract, or in making the payments under them, we cannot say that Rodes was under any obligation, either legal or equitable, to reclaim for the benefit either of himself or his creditors, the usurious payments which he had made to his co-defendants. We are of opinion therefore, that the Chancellor had no right, on any ground, to control his election, or against his assent, to assert this right of reclamation.

---

# Tudor *vs* Goodloe.

Case 99.

ERROR TO THE MADISON CIRCUIT.

*Principal and surety. Novation. Release.*

May 26.   CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.   THIS is a suit in Chancery seeking the exoneration of a surety in a bond, on the ground that, after the debt became due, the creditor, without his knowledge, indulged the principal obligor upon his promise to pay twelve per cent. interest for the forbearance. The Circuit Court having decreed the relief sought by the bill, the only question we shall consider is, whether such indulgence released the surety in equity.

When there is no legal *novation*, actual fraud, or injurious surrender of lien, surety is not released by obligee giving indulgence to principal.   It is now well settled by a *series of modern* adjudications, *in England* and in this country that, when there has been no legal *novation*, or actual fraud, or injurious surrender of lien, the true principle of equity as to a surety's exoneration in consequence of indulgence given by the creditor to the principal debtor, without the surety's consent, express or implied, is, that the creditor had, by a *valid contract*, changed the original attitude of the par-

ties, by tying his own hands or otherwise obstructing the legal or equitable rights of the surety.

According to the common law, the obligation of a surety is not, as under the *civil code*, merely accessorial and consequential, to be enforced or fulfilled only after a fruitless "*discussion*" of the principal obligor: but, so far as the obligee is concerned, the principal and surety, bound by the same agreement and at the same time, are equally liable, and it is the duty of each of them to discharge the obligation punctually. Hence there is, in such a case, no implied agreement that the obligee will coerce the principal promptly, or look to him alone in the first instance, or that he will not indulge him *ex gratia*. It is the surety's duty to the obligee to discharge the obligation when it becomes due, and for his own security, it is his privilege to do so then or at any time afterwards, so as to be either subrogated to the rights of the creditor or enabled otherwise to proceed forthwith against the principal obligor; and he has an equitable right also to require the creditor to sue. If, by any new contract, made without his consent, he is denied any of his rights or obstructed in any of his remedies, legal or equitable, his attitude having been thus essentially changed, *in invitum*, he is no longer bound by his contract.

But, as simple forbearance by the creditor, whether resulting from his mere passiveness or from a gratuitous or void promise to indulge, cannot have any such disabling effect on the surety, that alone will not entitle him to exoneration from his obligation. In such a case he can have no just ground for complaint, unless he had been fraudulently deluded by the creditor into false security; for he might have discharged the obligation and proceeded at once against his principal, or resorted to any other of his various remedies, without any obstruction or delay, interposed either by the creditor's passiveness or by an agreement binding on none of the parties: *Orme* vs *Yancy, Holt's N. P. C.* 84; *Philpot* vs *Bryant,* 1 *M. & P.* 754; *The Arundel Bank* vs *Goble, cited in a note to the 8th Ed. of Chitty on Bills*; *Sneed's executors* vs *White,* 3 *J. J. Marsh.* 525; *McLemore* vs *Powell et al.*

TUDOR
*vs*
GOODLOE

Obligation of surety by the common law, not accessorial and consequential only; he is equally bound.

It is his duty as well as that of principal to discharge the obligation when due.

Simple forbearance by creditor whether from mere passiveness or in consequence of a void promise, does not interfere with any of the rights of surety, & will not operate his exoneration.

6 *Cond. Repts. S. C. U. S.* 636; *Theobald on Surety,* *passim.*

In *Orme* vs *Yancy, Chief Justice Gibbs,* speaking of a new contract which would discharge a surety, said, "it is "the act of the creditor depriving himself of the power "of sueing, by *something obligatory,* which prevents the "surety from coming into a Court of Equity for relief— "because the principal having tied his own hands, the "surety cannot release them."

In *Philpot* vs *Bryant* the Court of *Common Pleas of England* decided that indulgence in consequence of an agreement between the holder and the executor of the acceptor of a bill, in consideration of her *assumpsit* to pay the debt out of her own pocket, did not release the drawer, because the new agreement was not enforcible; and in that case, *Chief Justice Best* said—"The time of "payment must be given by a contract that is binding on "the holder of the bill—a contract without consideration "is not binding on him; the delay of sueing is, under "such a contract, gratuitous; notwithstanding such con- "tract he may proceed against the acceptor when he "pleases, or receive the amount of the bill from the "drawer or endorsers; as the drawer or endorsers are "not prevented from taking up the bill by such delay, "their liability is not discharged by it; to hold them dis- "charged under such circumstances, would be to absolve "them from their engagements without any reason for so "doing." And in *McLemore* vs *Powell et al.* the Su- preme Court of the United States said—"in order to "produce such a result, (a surety's release,) the agree- "ment must be one binding in law upon the parties and "have a sufficient consideration to support it; an agree- "ment without consideration is utterly void and does not "suspend, for a moment, the rights of any of the par- "ties."

The agreement in this case, for the future payment of usury, being prohibited by the statute, was "utterly void," and therefore, did "not suspend for a moment, the rights of any of the parties." And a promise to pay six per cent. which was no addition to what the law gave, would

have been unavailing for want of a valuable considera-
tion: *Arundel Bank* vs *Goble, supra.*

It seems to us, therefore, to be a plain result from both
principle and authority that, as the agreement for indul-
gence upon a void contract did not suspend any of the
rights of the surety in this case, he is not, by the indulgence
thus given, entitled to exoneration from the obligation in
which he bound himself with his principal to the obligee;
and that, consequently, the Circuit Court erred in decree-
ing relief to him on that ground.

Decree reversed and cause remanded, with instructions
to dissolve the injunction with damages, and dismiss the
bill with costs.

*Turner* for plaintiff: *Owsley* for defendant.

pend any of the
rights of the par-
ties, and there-
fore does not
operate to exon-
erate surety.