CHANCERY.       Pyke's Administrator *et al. vs* Clark.

ERROR TO THE BOURBON CIRCUIT.

*Case* 72.       *Assignee and Assignor.*

*October* 27.    JUDGE EWING delivered the opinion of the Court.

The case stated.

CLARK filed his bill in the Circuit Court, against Pyke's administrator, to be released from the payment of a judgment recovered against him, as the surety of Robertson, on a note of five hundred and thirty dollars, executed by him and Robertson on the 3d day of June, 1833, and made payable on the 3d day of June, 1834. He charges a novation between Robertson and Pyke, and an extension of the time of payment, upon the terms of paying twelve per centum per annum, without his knowledge or concurrence.

A contract between assignee and creditor, giving time for payment on a promise to pay usurious interest, does not release assignor.

Upon a scrutinizing examination of the deposition of Robertson, the principal, who is the only witness in the case, we are satisfied that this case has not been brought within the principle of the case of *Kenningham* vs *Bedford*, (1 *B. Monroe*, 325,) but falls within the principle settled by this Court, in the case of *Tudor* vs *Goodloe*, (*Ib.* 322.) It is not shown, that by the terms of the agreement, the usury was to be *paid in advance* for a *future specific* indulgence, nor that it was in fact so paid, but the indulgence was to be granted upon a promise to pay it from year to year, and it does not appear that the first payment was made before the 3d of June, 1835, the expiration of the first year, nor that the second payment was made before the 14th of February, 1837.

During the first year after the note fell due, the under- <span style="float:right">BENTLEY<br>*vs*<br>WHITE, AS'EE.</span>
taking of the principal to pay the usury rested on his *promise* only, and the payment at the end of the year, must be deemed a payment for *past* indulgence.  So with respect to the second year, the *promise* to pay at the end of the year, was the consideration of the indulgence for that year.  And so, at any time during either of the years, or at any time afterwards, the *promise* to indulge having no other consideration to support it, than the *illegal promise* to pay usury, was not *binding* on the creditor, and opposed no obstruction to the surety's bill of *quia timet*, requiring payment at any period.

If any doubt could arise upon the proof, as to the *time* when the first payment was made, this doubt is removed by the allegations of the bill.   It is expressly charged that the first payment of usurious interest was made on the 3d of June, 1835.

The decree, therefore, releasing the surety, is erroneous, and must be reversed.   But it appears that six per cent. usurious interest was exacted and paid from the date of the note, which with the interest thereon from the times of the payments up to the date of the judgment, amounts to one hundred and sixty-four dollars.   It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and cause remanded, that a decree may be rendered, enjoining perpetually the aforesaid amount of the judgment at law, at the date of its rendition, and that the injunction be dissolved as to the residue; and the appellants are entitled to their costs in this Court.

*Smith* for plaintiffs:  *Owsley & Goodloe* for defendant.