## Scott and Bryan *vs* Hall, *et al.*  <span style="float:right">Chancery.</span>

Error to the Bourbon Circuit. <span style="float:right">Case 57.</span>

*Usury. Novation. Evidence. Answers.*

Chief Justice Ewing delivered the opinion of the Court. <span style="float:right">Oct 28.</span>

C. L. Timberlake and Scott and Bryan, and one B. <span style="float:right">The case stated.</span>
M. Riggs, deceased, as his sureties, executed their note

to Wm. W. Hall, bearing date the first day of February, 1839, and payable in one year, with interest from the date, for money loaned. Timberlake agreed to pay at the end of every four months, interest at the rate of twelve per cent. per annum, for the use of the money. Payments were made as stipulated, at, or some short time after the stated periods, up to the first of February, 1841. Previous to which, *to-wit*: in July, 1840, Wm. W. Hall assigned the note to Isaac F. Hall. A payment of $200 being made on the 15th of April, 1841, and the principal, failing in other payments, suit was brought on the note by the assignee, in September, against the surviving promissors, and judgment recovered for the whole amount, subject to a credit of the interest down to the 1st of February, 1841, and the $200 paid in April. Execution was sued out and levied upon the property of Bryan, whereupon he and Scott filed a bill injoining the judgment, charging a novation without their consent, by which time was given upon the consideration of paying usurious interest in advance, at the rate aforesaid. The Halls answered, denying unequivocally the allegations as made. An amended bill was filed in 1843, setting up demands in favor of Bryan *vs* Wm. W. Hall as a non-resident, for sums paid by him a co-security with Hall, for others who had become insolvent, &c., and charging that he was the real owner of the note and judgment, and that the assignment to J. F. Hall was colorable and fraudulent, and praying a set-off against the same.

The Circuit Judge dismissed the bill as to all except the usury, which he estimated at $339 20, on the 1st of February, 1841, and dissolved the injunction except as to that amount, for which he perpetuated the same as of the date aforesaid, and decreed the complainant to pay ten per cent. damages to J. F. Hall, which was estimated at $153 25 cents. The complainants have appealed to this Court and J. F. Hall has assigned cross errors.

The demands set up as a set-off, accrued long subsequent to the assignment, and notice of the assignment of the note. Indeed the bill was filed in this case, before they originated. The charge of fraud in the assignment

is positively denied by the answer of J. F. Hall, and has not been sustained by proof. There is, therefore, no ground for the relief sought on this score. Nor is there any on the ground of the novation charged.

Scott & Bryan
vs
Hall, et al.

In the first place the Circuit Court was right in excluding the evidence of W. G. Timberlake. He proved only the confessions or statements of Wm. W. Hall, made long after the note had been assigned. They were incompetent as evidence against the assignee, and were, if he were acting as the agent of the assignee at the time, as they were no part of the *res gesta* of any transaction, they were incompetent to be detailed as evidence. Excluding the evidence of W. G. Timberlake, and the allegations of the bill are supported by a single witness only, without any corroborating circumstances, against the positive denial of the answers. And that witness is the principal, who, though he is admitted to be competent, judging from his condition and presumable solicitude to release his sureties, as well as from the character of his deposition, he deposes under strong bias in favor of the complainants, and must be regarded as giving the highest coloring to the facts stated. Divesting the deposition of this obvious coloring, and viewing the facts stated in connection with the receipts exhibited and other facts in the record, the usury stipulated was in no instance paid in advance, as the consideration of future indulgence, but was to be paid, and in every instance was paid, after the time had expired, and in consideration of the indulgence that had run. At any time, therefore, after the note fell due, during any of the periods of four months, at the end of which usury was to be paid, the complainants might have sustained their bill of *quia timet*, requiring the principal to make payment of the note, or under the statute have given notice requiring suit to be brought on the same, and no obstacle could have been successfully opposed to either remedy, as the the promise to pay usury was not obligatory upon the principal, and the agreement to give time, consequently, without consideration and invalid, as has been settled by this Court in the cases of *Tudor* vs *Goodloe*, (1 *B. Monroe*, 324;) *Kenningham*

*Statements and confessions of an assignor, made after the assignment of a note, are incompetent against the assignee.*

*The testimony of a single witness against the positive denial of the answer, uncorroborated by circumstances, is insufficient to authorise any decree against the answer.*

*The cases of Tudor vs Goodloe (1 B. Monroe, 324;) and Kenningham vs Bedford, (Ib. 325;) and Pyke's adm'r. vs Clark, (3 Ib. 262,) cited and approved.*

SCOTT & BRYAN
vs
HALL, et al.

vs *Bedford*, (1 *B. Monroe*, 325;) *Pykes'. administrator* vs *Clark*, (3 *B. Monroe*, 262.)

It is true that the witness, after some equivocation, and many changes in the version which he gives of the transaction, in answer to an interrogatory put by the complainant's counsel, which if it be not leading, at least indicates very clearly the wishes of the counsel as to the answer, states in substance that the usury was paid, as well in consideration of the time that had run, as as in consideration of a promise to give future indulgence upon the like terms. The consideration of usury paid at each successive period, was covered and exhausted by the time that had run, and left no consideration for the future time other than a promise to pay the usury at the end of the next period. So that the promise to allow future indulgence had no consideration to rest on, but the naked promise to pay usury at the end of the next period. Upon the whole, we are satisfied, from every view of the case that the prayer for a release of the sureties cannot be sustained.

But there is error in the decree, to the prejudice of J. F. Hall, in allowing too much usury, and also in not allowing him more damages upon the dissolution of the injunction. According to our estimate, calculating interest upon the $2,000 loaned, as required by the statute, and deducting the payments for interest and usury from time to time as they were made down to the 1st of February, 1841, and deducting the aggregate amount unpaid, so reduced by the payments, from the $2,000 then claimed to be due, and for which judgment was recovered subject to the credit of $200 endorsed, it appears that there was usury, as of the date aforesaid, embraced in the judgment of $249 76 only, instead of $339 20 cents, which has been allowed. And estimating the ten per cent. damages on the aggregate amount of principle, interest, costs at law and Sheriff's half commission, at the date of the injunction bond, for which the injunction should have been dissolved, and the amount of damages will be $164 08, instead of $153 25 cents which has been decreed.

It is therefore the opinion of the court, that the decree of the Circuit Court be affirmed on the errors assigned by

the plaintiffs, and reversed on the cross errors, and re-manded that a decree may be rendered as indicated.

*Davis, and Harlan & Craddock,* for plaintiffs: *Smiths* for defendants: