## Anderson *vs* Mannon, &c.

### ERROR TO THE MASON CIRCUIT.

*Principal and sureties. Contracts.*

JUDGE BRECK delivered the opinion of the Court.

This opinion was suspended by petition for re-hearing, until the 28th October, 1846; when the petition was overruled.

IN December, 1840, Mannon became surety for Runyan in a note to Anderson for fifteen hundred dollars, payable twelve months after date.

CHANCERY.

*Case* 56.

*June* 8.

The object of the bill and decree of the circuit court.

Upon this note, Anderson having obtained a judgment against Mannon, the latter exhibited his bill in chancery, seeking relief against the judgment, upon the ground that after the debt became due, Anderson had given indulgence to Runyan, the principal debtor, upon his undertaking to pay 10 per cent. interest.

It is alledged in the bill and substantially admitted in the answer of Anderson, that shortly after the maturity of the note, he agreed to indulge Runyan upon it for seven months, in consideration that Runyan would pay interest at the rate of 10 per cent. The interest for the stipulated forbearance was thus arranged, Runyan credited Anderson upon his books with $19 80, the amount of a store account due him by Anderson, and executed his note for $67 70, for the residue, the two sums being the interest at 10 per cent. upon $1,500, for the period of indulgence. This agreement was without the consent or knowledge of the surety.

The Court below granted the relief sought, by perpetually enjoining the judgment at law, and Anderson has brought the case to this Court.

Whether the agreement for indulgence exonerated the surety, is the only question for determination.

It may be assumed as the settled doctrine, that an agreement for delay between the principal debtor and creditor, will not exonerate the surety unless it be a binding agreement, one that has a sufficient consideration to support it, and which is enforcible by law. It was so expressly decided by this Court in *Tudor* vs *Goodloe,* (1 *B. Monroe,* 322,) and hence in that case it was held that indulgence granted upon a promise by the principal to pay the creditor 12 per cent. did not release the surety.

In *Kenningham* vs *Bedford,* (*Ibid,* 325,) it was held, as the usurious interest was actually advanced at the date of the contract for indulgence, that the contract was not *void,* and that the surety was thereby released.

In the first case cited, the contract on the part of the debtor, was wholly executory and prohibited by law. In the last case, the contract was entirely executed by the debtor, and was, therefore, held not subject to be avoided or rescinded by the act or volition of the creditor.

An agreement for delay between the creditor and principal debtor, though without the assent of the surety, does not exonerate the surety, unless it be a binding agreement, upon sufficient consideration and enforcible by law. (1 B. Monroe, 322, 325. cited and approved.)

In the case under revision the consideration of the agreement for indulgence was also usury. The note for $1,500 bore interest from its maturity. There was no credit upon it and no provision appears to have been made that it was not to carry interest during the period of the promised delay. It was, no doubt, understood by the parties, that the interest upon the $1,500 and the interest provided for in the note for $67, were not both to be paid; but still no provision was made in view of that state of case; as the note for $1,500, therefore, continued to bear interest, the note for $67, and the credit to Anderson for the $19, were both entirely usury; and the case comes clearly within this principle of the case of Tudor *vs* Goodloe, except so far as the credit may create a distinction.

The credit appears to have been entered upon the books of Runyan, and the account of Anderson thereby *prima facie*, satisfied and discharged. But the credit was not based upon any actual payment nor upon any consideration deemed valid in law. There was no release of the account by Runyan, and he surrendered to Anderson no obligation for its payment. The credit was not an effectual discharge of the claim, and would constitute we apprehend, no bar or valid defence for Anderson, should Runyan attempt the collection of it. Runyan surrendered nothing, and gave up no right which he could not afterwards, at his election, effectually assert. Anderson acquired nothing by the credit. He was equally liable afterwards as before, for the payment of the account, at the election of Runyan. Did the credit, in effect then, amount to any thing more than a promise or assurance on the part of Runyan, not to claim or collect the amount?

In Tudor *vs* Goodloe, the debtor agrees to pay what the creditor cannot collect. In Kenningham *vs* Bedford the debtor advances money, which at his election, he has a right to reclaim. In this case he agrees to give up and not collect what he is entitled to, and has a right to collect. This is not exactly analogous to either of the cases cited, and perhaps may be regarded as to some extent, coming within the principle of each. There is certainly

ANDERSON
*vs*
MANNON, &c.

An agreement by a creditor with the principal debtor to indulge in consideration of the note of the principal debtor for part of the accruing interest, whilst the note still carried interest (which was usurious) and the entry of a credit for the balance of such interest on the account of creditor for goods sold due to the principal debtor, without any release of the account, was not such a binding agreement as released the surety, though made without his assent.

but a slight shade of difference from the case of Tudor vs Goodloe.

But supposing, as contended, the case as to the credit, falls within the principle of Kenningham vs Bedford, still we think the contract was not, in equity, obligatory upon Anderson, and formed no obstruction to the legal or equitable rights of the surety.

—Being voida-
ble by the debtor
in part, and be-
ing a unit, was
not so far bind-
ing as to release
the surety.

The contract was a unit, an entirety. The note for the $67 constituted a part of it as well as the credit. The whole contract could not, certainly be enforced by Anderson. It was utterly void as to the $67 note, and as to the credit, if not void, it was without consideration and voidable, at the election of Runyan. Anderson might have disregarded it and sued upon the $1,500 note.

It follows, that the Circuit Judge erred as to the extent of relief decreed the complainant. He alledges that the note for $1,500 contained usurious interest, and the allegation is admitted by Anderson. To that extent and no further, we think the complainant was entitled to relief.

The decree is, therefore, reversed, and the cause remanded for further decree consistent with this opinion.

*Beatty* for plaintiff; *McClung and Taylor* for defendants.