### W. W. WESTERN'S ADMR. *v.* BENJAMIN T. PERKINS.

**Witness—Competency of for a Co-defendant.**

After judgment has been rendered against one of the defendants to a suit on a joint note, he is held to be a competent witness for his co-defendant in his defense to the action.

**Principal and Surety—Agreement for Delay Between the Principal Debtor and Creditor—Release of Surety.**

An agreement for delay between the principal debtor and creditor, will not exonerate the surety, unless it be a binding agreement, founded on a sufficient consideration, which may be enforced to the detriment of the surety by suspending the right of action and thereby obstructing his legal or equitable rights.

**Same.**

The partial payment by a debtor of another debt due his creditor, is held not to be a sufficient consideration to uphold an agreement for an extension on another debt, as to release a surety on same: this not being a new consideration, but a compliance with that he was already legally required to do.

**Same.**

In the absence of specific allegations or proof that the giving of a mortgage as additional security would have rendered an agreement to delay suing on the note for any specific time, obligatory and enforcible, it is not available as a defense for the surety, seeking to avoid his liability; but such aditional security is held to thus enure to the benefit of the surety.

APPEAL FROM TODD CIRCUIT COURT.

December 15, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

This action was prosecuted by the appellant as the administrator of W. W. Western, deceased, on a note for $800 executed to said decedent by W. Hearn and Ben T. Perkins on the 9th of April, 1859, and payable one day thereafter.

Perkins separately defended the action, resisting a recovery as to himself on the alleged ground that he executed the note as the surety of Hearn only, and that the plaintiff as the administrator of the payee, without the knowledge or consent of the defendant Perkins, and after the note became due, and came to his hands as administrator, entered into an agreement with said Hearn, the principal obligor,. that he would not sue on the note, but would indulge said Hearn until he could make the money to pay it, provided said Hearn would pay him $200 on another debt he owed said administrator, for which Perkins was not liable, and also execute to said administrator a mortgage of a tract of 260 acres of land as security for the two debts; and that said Hearn paid the $200, and executed the mortgage accordingly, and the plaintiff did in consideration thereof indulge said Hearn for a time, whereby the defendant Perkins alleged he was released from liability on the note.

On a demurrer to the answer of Perkins it was decided by the court to present a sufficient defense, and a judgment being rendered against Hearn by default, the case was tried as between the plaintiff and Perkins, and a verdict and judgment were rendered for the defendant. And the court having refused to grant a new trial, said administrator has brought the case to this court.

The facts relied on by the appellee for his execution were substantially proved by Hearn, who was, we think, properly regarded by the court as a competent witness, after judgment had been rendered against him. And as the instructions given to the jury seem to harmonize with the view of the court, that the answer presented a valid defense, the main and controlling question for our determination is, were the facts alleged by the defendant sufficient to constitute a bar to the action.

We are of the opinion that they were not. The doctrine is well settled that an agreement for delay between the principal debtor and creditor will not exonerate the surety unless it be a

binding agreement, founded on a sufficient consideration, which may be enforced to the detriment of the surety by suspending the right of action and thereby obstructing his legal or equitable rights. (Tudor vs. Goodloe, 1 B. Mon., 322; Anderson vs. Manson, 7 B. Mon., 217; Robinson, &c., vs. Miller, 1 Bush. 179). The partial payment of another debt, all of which Hearn was bound by his contract to pay, was not sufficient consideration to uphold an agreement for indulgence either on that or the debt now in controversy, because in making the payment Hearn only did what he was already legally required to do. And if the additional security of the mortgage would have rendered an agreement to delay suing on the note for any specific time obligatory and enforcible, no such agreement is alleged or proved. The promise alleged was, we think, too indefinite to be enforced, to the prejudice of the surety, while in our opinion the additional security given by the mortgage enured to his benefit and it may perhaps be yet enforced for his indemnity.

It appears from the evidence as certified in the record, although it is not alleged by the defendant, that after the execution and delivery of said mortgage to the plaintiff it was suppressed or cancelled by the plaintiff and Hearn and another mortgage was substituted for it to secure a debt in which the defendant was not bound as the surety of Hearn, and it is insisted that this transaction operated to release the appellee. As these facts were not pleaded, it would be extra-judicial and premature for us to express an opinion now as to their legal effect on the rights of the parties; but the parties will both be allowed to amend their pleadings, if they should desire to do so, on the return of the cause.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Petrie,* for appellant.

*Harlan,* for appellee.