## Louis Millitz *v.* Wm. Schuff.

**Principal and Surety—Agreement for Indulgence—Void Contract Does not Suspend Right to Sue Principal.**

Six months after the maturity of the note the principal paid ten dollars and the holder agreed to indulge the principal for another six months and this was continued for every six months up to some time before the institution of the suit. These partial payments were not credited on the principal of the note but was the usurious interest charged.

Held: That the agreement for indulgence was void and could not be enforced, consequently it did not suspend appellant's right to sue on the note, nor was the surety thereby released from his obligation to pay the debt.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 21, 1872.

OPINION BY JUDGE PETERS:

This action was brought by appellant on the 9th of December, 1870, against F. Wurtman and W. Schuff on a note executed by them to appellant on the 22d of November, 1866, for two hundred and ten dollars, due six months after date.

Judgment was rendered against Wurtman by default. But Schuff resisted a recovery against him, alleging in his answer that he was only the surety of Wurtman in the note, and that on the 22d of May, 1867, when the note became due, appellant, without his consent or knowledge, contracted with his principal to extend the time of payment six months for and in consideration of ten dollars as interest on said note, to be paid to him by said Wurtman within six months thereafter, which sum appellant received and did give the promised indulgence— and this arrangement, he alleges, was repeated some six or seven times, at the end of six months, and the indulgence given according to the agreement.

On the trial the law and facts were submitted to the judge, a jury having by agreement of the parties been dispensed with, who rendered judgment in favor of Schuff, and the plaintiff below has appealed.

Wurtman was the only witness examined, and he testified that he was principal in the note and appellee was his surety; that six months after the maturity of the note he paid appellant ten dollars, and he promised to wait six months longer and did wait when another ten dollars were paid and the promise to wait six months longer was revived—and this was continued for every six months up to some time before this suit was instituted. Sometimes the payments were made in money and sometimes by credit upon a running account for leather, which appellant was owing him. That none of these payments were made in advance of the six months for which they were the interest, the money payments were all made either at the expiration of the six months or after such expiration.

From the foregoing statement it is manifest that at most there was only an agreement on the part of the principal in the note to pay the appellant usurious interest some time within six months ensuing, which agreement appellant could not have enforced, the agreement not being enforceable, consequently it

did not suspend appellant's right to sue nor the rights of any of the parties. As therefore the agreement for indulgence upon a void contract did not suspend any of the rights of the surety, he is not entitled by reason of the indulgence given to be released from his obligation to pay the note for which he bound himself with his principal. *Tudor v. Goodloe,* 1 *B. Mon.* 322.

Wherefore the judgment is *reversed* and the cause is remanded with directions for a new trial and for further proceedings consistent herewith.

*Gibson & Son, for appellant.*

*I. R. Greene, for appellee.*