MEISWINKLE VS. JUNG, impleaded, etc.

30    361
53 LRA 321n
53 LRA 322n

*Promissory Note — Usury — Effect on Surety of usurious agreement for extension.*

1. Where a note draws interest until paid, at the highest legal rate, an agreement by the maker to pay any additional sum for an extension is usurious.
2. While such agreement is *executory* as to both parties, it is void as to both and does not discharge a surety on the note.
3. Even where the stipulated excess has been *paid* by the maker (the amount being recoverable under our statute), *it seems* that the promise to extend is void, as being without consideration, and that the surety is not discharged.

APPEAL from the Circuit Court for *Jefferson* County.

Action upon a promissory note for the sum of $1,700, with interest at ten per cent., alleged to have been executed by defendants, *McCullough* and *Jung*, to the plaintiff. The separate answer of the defendant, *McCullough*, alleged that he had agreed with the payee for an extension of six months upon payment of fifty dollars, which sum he paid as agreed; and which he alleged to be usurious. The separate answer of *Jung* alleged that he signed the note as surety, and that it had been extended six months without his knowledge on the payment of $50 by *McCullough* to the plaintiff, and that in consequence of such extension and *McCullough's* subsequent insolvency, he was unable to secure himself against his liability on said note.

There was a direct conflict of evidence upon the trial, as to the alleged usurious agreement for the extension of the note. Upon this point the court charged as follows: " If you find then that there was an agreement on the part of the plaintiff to extend the time of payment of this note, you must find that some other money than that endorsed on the note, was paid by McCullough and received by the plaintiff, Meiswinkle. It is essential to the validity of this defense that you shall find, not only that the plaintiff in this case agreed to extend the time of payment be-

yond the maturity of the note; but it is essential that you should find that an actual payment of money was made, and received by the plaintiff in consideration for such agreement." Verdict for plaintiff against defendant *Jung*, and a new trial having been refused, *Jung* appealed from the judgment.

*I. W. & G. W. Bird*, for appellant, to the point that the court erred in charging that *Jung* must show that the $50, the consideration for the agreement to extend, was actually paid by *McCullough*, and received by *Meiswinkle*, cited *Reynolds v. Ward and others*, 5 Wend., 502; *Bangs & Alcott v. Strong*, 7 Hill, 250; *Smith v. Townsend*, 25 N. Y., 479; *Wheat v. Kendall*, 6 N. H., 504; *Bailey v. Adams*, 10 N. H., 162; *Fowler v. Brooks*, 13 N. H., 240; *McComb v. Kittridge*, 14 Ohio, 348.

*D. F. Weymouth*, for respondent, argued that in the case of a joint and several note, there can be no presumption that either signer is a surety, and in the absence of actual notice of suretyship, plaintiff would be allowed to treat all signers as principals, and might extend time of payment at the request of either, without discharging the other. *Price v. Edmunds*, 10 Barn. and Cres., 578; *Grafton Bank v. Kent*, 4 N. H., 221; *Suydam v. Westfall*, 2 Denio, 205; *Sprig v. Bank of Mt. Pleasant*, 10 Peters, 257; *McGee v. Prouty*, 9 Metcalf, 547; *Perfect v. Musgrave*, 6 Price, 111.

DIXON, C. J. If the position assumed by Judge Bronson, in *Vilas v. Jones*, 1 N. Y., 286, and argued and enforced with the great ability usually characterizing his opinions, and concurred in by the Chief Judge, Jewett, and not controverted by the other members of the court, be correct, then the facts stated in answer to this action, and the facts proved, or which the evidence on the part of the defendants tended to prove, all taken as true, constituted no defense whatever to the claim of the plaintiff as against the defendant *Jung*, who was the surety upon the note. Our statute against usury in force when the alleged agreement for the extension of time of payment was

made, was in substance, and probably in very words, the same as that of New York, of which Judge Bronson was speaking. It declared void *all* contracts infected with usury, and provided that the person paying the same, or his personal representative, might recover back treble the amount. Laws 1860, ch. 160, §§ 3, 4. 1 Tay. Sts., 838, 839, §§ 3, 4. The position taken by Judge Bronson was that the agreement to pay usury, whether *executed* or *executory*, was equally null and void, and consequently could not constitute a valid agreement for the extension of time, or the basis or consideration upon or out of which any binding promise for that purpose could arise or be created. In the present case, the promissory note, for the extension of the time of payment of which it is claimed the defendant *McCullough*, without the knowledge, privity or assent of his co-defendant *Jung*, either paid or agreed to pay the plaintiff the sum of fifty dollars, drew interest by the terms of it at the rate of ten per cent. per annum until paid, which was the highest rate of interest allowed by law. Any agreement, therefore, to pay the plaintiff any greater sum, for forbearance or delay of day of payment, than the sum specified in the note itself, was clearly usurious. In this all the authorities agree. If *McCullough* actually paid the fifty dollars, it was a usurious agreement executed. If the fifty dollars were not paid, it was a usurious agreement merely executory.

It would not be easy for us, were we disposed to make the attempt, to answer the reasoning of the learned judge, by which he endeavors to show that there can be no distinction between a usurious contract executed and one which is executory, so far as its invalidity or want of force as an agreement extending the time of payment is concerned. If his conclusion was correct, and we are unable to say it was not, it is decisive of this case in any light in which it may be examined. But as shown by the opinion, there are cases which hold a different rule where the usurious interest has been actually paid. It has been decided that the law will not assist the creditor by whom it has

been received, to take advantage of his own wrong, in order to escape from its consequences. *Tudor v. Goodloe*, 1 B. Mon., 322; *Kenningham v. Bedford*, ib., 325. Judge Bronson denies the correctness of those decisions, especially under a statute like that of New York and the statute of this state on the subject of usury. But the same court by which those decisions were made holds an executory agreement to pay usury or interest beyond the rate prescribed by law, totally inoperative and void as an agreement to extend time of payment. In this, therefore, there seems to be no conflict whatever of authority. *Pyke's Adm'r. v. Clark*, 3 B. Mon., 262; *Scott v. Hall*, 6 B. Mon., 285.

In the present case, one of the principal grounds of error assigned, is that the court instructed the jury that they must find that the fifty dollars was actually paid by *McCullough*, and received by the plaintiff *Meiswinkle*, to authorize a verdict in favor of *Jung*, finding that he was discharged from his obligation as surety by virtue of the agreement. Upon that question there was a conflict of testimony, and the jury must have found that the fifty dollars was not paid. It is contended that the court should have charged the jury that the mere promise to pay the fifty dollars was a sufficient consideration for the agreement to extend, and that such agreement was effectual to secure the extension bargained for, or intended to be.

We have seen that this position is wholly untenable. The promise to pay in the future was utterly void, declared so by statute, and so of course could not constitute the consideration of any agreement whatever. The plaintiff could have brought suit upon the note the next moment; or the surety could have paid it, and immediately sued the principal; or, if such an action will lie in this state, as I suppose it will, he might at once have maintained his action *quia timet*, requiring the principal to make payment of the note.

It was no error, therefore, of which the surety can complain, for the court to charge the jury as it did, or to refuse to charge that an unexecuted agreement, void for usury, could yet be

valid and operate as a sufficient consideration for an agreement to extend time of payment.

The other errors assigned are of minor consideration, and were so treated by counsel at the bar. In the view which we are inclined to take of the law, that the usurious agreement was at all events utterly void, whether the fifty dollars was paid or not, and that so the engagement, whatever it may have been, to extend the time of payment, was *nudum pactum* and void for want of consideration, .all the other errors complained of became manifestly immaterial, and cannot have the effect of reversing the judgment.

We are disposed, therefore, to dispense with the further consideration of the case, and of the other questions presented upon this·ground, and to say that the judgment of the court below should be affirmed.

*By the Court.* — Judgment affirmed.