CASE 62—PETITION EQUITY—APRIL 20.

# Richardson v. Chanslor's Trustee.

103 425
e111 787

APPEAL FROM MASON CIRCUIT COURT.

1. ASSIGNMENTS FOR CREDITORS—LIMITATION.—A suit by a creditor of an assigned estate who has made a settlement with the assignee upon the latter's representation that he got therein his share thereof, seeking another settlement and an additional distribution thereof, involves relief from fraud or mistake, and comes within the statute of limitations applicable to such relief.

2. SAME.—There is no continuing and subsisting trusts within the meaning of sec. 2543 of the Kentucky Statutes, so as to exempt it from the operation of the statute of limitation, in favor of a creditor of an assigned estate who has settled in full with the assignee thereof, and who seeks to re-open the same and re-settle the estate.

3. PAYMENT—NEW PROMISE.—A payment upon a liability in order to create a new promise, or recognition thereof, must be such as to at least authorize the inference of a promise to pay the residue.

4. LIMITATION—STATUTORY CONSTRUCTION.—Under the provisions of the statutes (Myers' Supplement, pages 533 and 534), requiring an assignee to give a bond covenanting that he will properly discharge his duties, and that any person injured by his failure, shall have a right of action thereon, and that he shall' return to the court within two years, report of sales, a cause of action against the assignee accrues to a creditor at the end of the two years, and the statute of limitation then begins to run.

5. SAME.—The Statutes of Limitation apply in equity as well as at law, and under the provisions of sec. 1, art. 3, chap. 71 of the General Statutes, an action on the bond of a trustee appointed by a court on authority of law must be commenced within fifteen years after the cause of action accrues, and a creditor of an assigned estate must begin his action within that time.

FRANK P. O'DONNELL FOR APPELLANT.

1. According to sec. 2543 of the Ky. Statutes, which says that the provisions of the chapter concerning limitations shall not apply

in a case of continuing and subsisting trust, an assignment for the benefit of creditors is such a trust as will continue and subsist so long as the trust property remains in the hands of the trustee undisposed of, and the rights of creditors thereto are clear and certain. Central Law Journal, vol. 6, page 283 and cases cited; 1st Perry on Trusts, sec. 24; Pomeroy's Equity Jurisprudence, secs. 981 and 152; 1st Story's Equity, sec. 64; Hargis v. Sewell's Admr., 87 Ky., 68; Clay's Admr. v. Clay, 7 Bush, 98; Angell on Liens, 350 and 352; Thomas v. White, 3 Litt., 183; Lexington Ins. Co. v. Page, 17 B. M., 446; Hendrick v. Robinson's Admr., 7 Dana, 167; Moore v. Shepherd, 2 Duvall, 132; Robinson's Committee v. Elam's Exor., 90 Ky., 300; Dobyns v. Dobyns' Assignee, 79 Ky., 99; Pomeroy's Equity Jurisprudence, secs. 137, 138 and 151; Story's Equity Jurisprudence, secs. 1037 and 1038; 1st Am. & Eng. Ency. of Law, 118; In re Conrad Leiman, 3d Am. Reports, 134, (32 Md., 225); 2d Pomeroy's Equity Jurisprudence, sec. 994 and note; Minot v. Thatcher, 7 Met. (Mass.), 348.

2. The acceptance of a part of a debt when payable, in satisfaction of the whole, can not operate as a bar to the recovery of the residue; and that being true such a payment on a demand, takes the case out of the statute of limitation as to the balance thereof. Kentucky Mutual Security Co. v. Turner, 89 Ky., 666; Clay's Admr. v. Clay, 7 Bush, 95.

W. H. WADSWORTH AND A. E. COLE & SON OF COUNSEL ON SAME SIDE.

E. L. WORTHINGTON FOR APPELLEE.

1. The trust duties of an administrator or executor, or of an assignee of an assigned estate, are totally different in their nature from continuing trusts, such as trusts for charity, trusts to pay the income and profits of a fund to a married woman, etc., and come within the statute of limitation. Robinson v. Elam, 90 Ky., 300; Myers' Supplement, pages 533 and 534; Hargis v. Sewell's Admr., 87 Ky., 63; Mercer v. Glass, 15 Ky. Law Rep., 710.

2. This is not a suit on the note, but one to enforce appellee's liability put on him by the terms of the trust deed, and his acceptance thereof to account for the proceeds of the trust estate, and must be controlled by the fifteen years' statute of limitation.

3. The ground upon which a partial payment suspends the running of the statute, is that it is an admission that the balance remains

due; but in this case there was a receipt in full, showing that appellee did not admit that anything more was due from him as assignee on that note. Hopkins v. Stout, 6 Bush, 375; English v. Wathen, 9 Bush, 387; Buswell on Limitations, sec. 77.

4. Appellant can not, after the lapse of fifteen years, re-open the settlement with appellee; a writing can not be set aside for fraud after the expiration of ten years, the fraud being treated as condoned after that time. Dorsey v. Phillips, 84 Ky., 427; King v. Graham, 84 Ky., 482; McChord v. Caldwell's Exor., 96 Ky., 617.

L. W. ROBERTSON OF COUNSEL ON SAME SIDE.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that on the 5th day of February, 1866, Wm. Chanslor executed a deed of assignment to the appellee, Whitaker, of all of his individual property for the benefit of his creditors, and that Whitaker accepted said trust. This suit .was instituted 25th of January, 1895.

It is substantially alleged in the petition that on the 20th of April, 1865, appellant was an infant, under twenty-one years of age, and that Charles B. Coons and Wm. Chanslor executed to John A. Keith, who was then appellant's guardian, their note for $1,807.20 due in twelve months. It is further alleged that said deed of assignment conveyed to said trustee a large amount of property, which has all been sold and the price for the purchase money of same has been collected, and that appellant is one of the beneficiaries under the aforesaid deed of assignment, and that the other creditors and beneficiaries are very numerous, and it is impracticable to bring all of them before the court within a reasonable time, and appellant asks that he be permitted to sue for the benefit of all.

The petition further shows that appellant is now of age, and that the aforesaid Keith has departed this life, having previously made a final settlement as guardian of plaintiff, and having been fully discharged by orders of court from liability to plaintiff. That the aforesaid note is entitled to certain credits paid from time to time, and that calculations necessary to ascertain the amounts due him and other creditors herein are intricate and protracted. He prayed that in order that the aforesaid claim be properly liquidated, it together with the other claims against said trust estate be referred to the master commissioner, and prayed for a full and complete settlement of the aforesaid trust estate for distribution, and compel satisfaction of such pro rata amounts as may be found due to him and the other creditors of the estate. The deed of assignment was filed as part of the petition.

In the amended petition it is alleged that certain payments have been made and credited on said note, but the greater part of said note and interest is still due and unpaid, and that the note is filed herewith as part hereof marked "A." It is also alleged that appellant is one of the beneficiaries under said trust deed, and that the other creditors and beneficiaries are very numerous, and it is impracticable to bring all of them or their representatives before the court within a reasonable time, and he therefore asks that he may sue for the benefit of all of said parties interested under said deed; and a full and complete settlement of the trust estate and distribution thereof was prayed for.

The appellee filed special and general demurrers to the

petition, which were overruled by the court, and to which ruling the appellee excepted.

The first paragraph of appellee's answer is a plea of the ten years' statute of limitation. The second paragraph pleads and relies on the fifteen years' statute of limitation. The third paragraph pleads a full and final settlement between the parties, made on the 19th day of November, 1880, and files a receipt in support thereof. The fourth paragraph pleads and relies on the fifteen years' statute of limitation as a bar to any recovery upon the note filed by plaintiff.

Plaintiff's motion to refer this cause to the commissioner to ascertain the amount of the claims of plaintiff other than Noble Richardson in his proper person was overruled. Plaintiff's demurrer to the several paragraphs of defendant's answer was also overruled.

The reply may be considered as a denial of the first, second, third and fourth paragraphs of the answer, and also a denial of the paragraph pleading a settlement between appellant and appellee. The second paragraph of the reply alleges and relies upon the assignment aforesaid, and insists that the statutes of limitation do not apply to his cause of action. The third paragraph alleges that the trust described in his petition is an express trust, and insists that the statute of limitation has no application to the trust. In the fourth paragraph it is admitted that he executed the receipt, but that he did so under the representations of appellee that there was nothing more due him, which representations were false. It is also averred that there was a much larger sum due him at the time. The

fifth paragraph alleges that appellee never notified plaintiff, or any of those for whom he sues, of any repudiation by him of the trust named in the petition, or of any adverse holding as against them, and that up to and including the present time the said trust has continually subsisted, and still subsists, and that defendant has frequently admitted the continuance and subsistence of said trust not only by his words and acts from time to time expressed and performed, but also by his own writing frequently submitted to the beneficiaries of said trust, and also by his report from time to time made in the Mason circuit court wherein openly and unqualifiedly he as said trustee has admitted said trust, and his continuing and existing relations thereto, and wherein he has admitted that large amounts belonging to said estate and due to said creditors was still in his hand subject to the terms of said trust deed. That as late as the November term, 1892, and the January term, 1893, of the Mason Circuit Court the said Whitaker, in the suit of the Bank of Kentucky et al. v. Emery Whitaker, trustee of Wm. Chanslor et al., which suit was brought in said court on the 30th day of May, 1870, against defendant to settle this very same trust estate, filed certain reports as trustee wherein he resisted certain payments of the trust funds very recently and within less than fifteen years, and in the report he with his own hand signed himself "Emery Whitaker, trustee of Wm. Chanslor." That within less than five years by and under the said trust deed the appellee has paid as trustee certain creditors of the said trust. That in the suit aforesaid wherein the defendant Emery

Whitaker trustee was duly before the court by order of
said court, its master commissioner on the 19th day of
November, 1892, Whitaker, trustee, having been duly noti-
fied of his sitting, filed his report in and to said court
wherein it was shown that a large pro rata was due and
payable from the said Whitaker, trustee, to the said ben-
eficiaries under the said deed of trust including plaintiff,
and those for whom he sues, which pro rata has never
been paid to either this plaintiff or to any of those for
whom he sues; and that the defendant filed no exceptions
to the said commissioner's report, but by consent judg-
ment on said suit as between him and the Bank of Louis-
ville and H. D. Watson, two of the creditors of the trust
estate, was rendered according to said report, and fixed
the amount of balance due to said two creditors as fol-
lows, to-wit:   The claim of the Bank of Louisville v. Coons
& Chanslor, for $5,177.50, was settled at $1,011.49, on the
basis of 12 1-7 per cent. as and for the proper pro rata due
from said trustee upon all firm debts of Coons & Chanslor.
The claim of said bank for $3,091.95 against Wm. Chanslor
was settled at $1,122.85 on the basis of 17 17-21 per cent.
as and for the pro rata due from said trustee upon all in-
dividual debts of Wm. Chanslor; and the claim of H. D.
Watson against Wm. Chanslor amounting to $776.93 was
settled at $173.52 on the basis of 17 17-21 as above
stated.    That these settlements and these figures were
made and presented by the said trustee, Whitaker, from
his books and accounts as trustee aforesaid, and said
judgment was entered in accordance therewith, although
the report of the master commissioner in said suit showed

a much larger distribution to the said creditors of Wm. Chanslor, to-wit: 18 5-21 per cent. That the said suit was by the said judgment and said two creditors and defendant, without the knowledge or consent, ratification or approval of plaintiff or those for whom he sues filed away, although the order in said suit directed the master commissioner to make a full and final settlement of said trust estate. Said suit is referred to and exhibited as part hereof. All of the aforesaid facts are relied on as an avoidance of any plea of the statute of limitation, as well as to sustain plaintiff's right to recover.

The defendant filed a demurrer to the second, third and fourth paragraphs of the reply, which was sustained by the court, to which ruling of the court the appellant for himself and for those for whom he sues excepted, and plaintiff failing to plead further as to the second, third and fourth paragraphs of the reply, and as to the facts herein set out on motion of defendant the cause was submitted for trial on the pleadings as they then stood, to which submission for trial plaintiff, without waiving any of his rights, or of those for whom he sues arising from the ruling of the court upon demurrers or otherwise agreed. The court dismissed the petition and amended petition herein, to which ruling of the court plaintiff for himself and for those for whom he sues objected and excepted and prayed an appeal to the Court of Appeals, which was granted.

Prior to the rendition of the judgment aforesaid, plaintiff had moved for judgment upon the face of the papers. He had also asked to be allowed to prosecute the suit

for the benefit of other creditors as indicated in the petition, which motion, it seems, was never acted upon by the court below.

The action of the Bank of Kentucky, etc. v. Emery Whitaker, trustee, etc., referred to in the reply as being made part thereof, does not appear in this record; but taking the averment of the reply as true respecting said suit, still, we are not of opinion that the averments show such promise or actions upon the part of appellee as will take his liability out of the statute of limitation, if the statute could otherwise be pleaded; nor do we think that the payment made in November, 1880, renewed or prolonged the liability of appellee.

It is not necessary in this case to determine whether or not the note referred to in the petition was barred by the statute of limitation. If it be conceded that the payment in November, 1880, was, as between the plaintiff and the obligor of the note, a renewal of the obligation, yet the payment can not be held to be a renewal of any obligation devolving upon the appellee. The receipt given shows expressly that the appellee disclaimed any further liability to the appellant. Appellant seeks to avoid the effect of the receipt and the alleged settlement upon the ground of fraud and mirepresentation upon the part of the appellee, and also upon the general doctrine that a receipt in full for a part of a debt being without consideration is therefore void, and no bar to a right to recover the residue of the debt really due.

The latter proposition has no application to the case at

[28]

bar for the reason that appellee's liability only extended to the extent that he received assets which ought in law to be paid over to appellant. More than ten years had elapsed from the execution of said receipt until the institution of this action, and appellee's contention is that the ten years' statute bars appellant's right to recover even if there was either fraud or mistake.

Appellant's contention is that this is not a suit to obtain relief from fraud or mistake, but simply a suit for the settlement of a trust estate; but it is manifest that if plaintiff can maintain this action that he in effect obtains relief or benefits which, if the settlement of November, 1880, be held to be valid, he could not obtain. In other words, it appears that appellee and appellant agreed that the sum of $35.24 was the balance due from appellee to the appellant under the assignment aforesaid, and after the expiration of ten years appellant institutes his action seeking to recover a further and an additional amount, and contends that his action is not an action to recover on account of fraud or mistake. If appellant can recover in this action, it must be because he can disregard the settlement, and have the same disregarded by the court, or held for naught.

It seems to us that this action is in law an action to recover for fraud or mistake entering into the contract aforesaid. It is manifest that no recovery can be had in this action unless the settlement of November, 1880, be disregarded, or held for naught, or set aside. But even if the receipt and settlement alleged be no bar to the prosecution of this suit, yet, we are met with the plea of the

statute of limitation as to appellant's right to bring and
prosecute the suit for a settlement of the estate independ-
ent of any alleged settlement made between the parties
respecting same.

It may be conceded that the precise question involved
in this action has never been decided by this court, and
it is earnestly insisted that the statute of limitation has
no application to the case at bar.   In other words that
section 2543 of the Kentucky Statutes (being the same as
in the General Statutes) exempts the trust imposed upon
appellee from the provisions of the statute of limitation.
The section, supra, reads as follows:

"The provisions of this chapter shall not apply in the
case of a continuing and subsisting trust, nor to an action
by a vendee of real property in the possession thereof, to
obtain a conveyance."

It is the contention of appellant that the trust imposed
upon appellee is a continuing and subsisting trust, while
appellee's contention is the reverse.   Many authorities are
cited by the parties in support of their contentions.  It
may be conceded that the Supreme Court of Maryland, in
32 Maryland, 225, in effect held that the statute of limi-
tation did not apply to a case similar to the one at bar;
but the real question before the court was as to whether
debts due beneficiaries of the assignment were barred by
the statute of limitation, and besides it does not appear
whether the statutes of limitations of Maryland are the
same as those of Kentucky.   Appellant cites 2d Story's
Equity Jurisprudence, sections 1520 and 1520a, which read
as follows:

Richardson v. Chanslor's Trustee.

"Sec. 1520. In the first place as to defences peculiar to courts of equity; for of those which are equally available at law we do not here propose to speak. The statutes of limitation when they are addressed to courts of equity as well as to courts of law, as they seem to be in all cases of concurrent jurisdiction at law and in equity (as for example in matters of account), to which they directly apply, seem equally obligatory in each court. It has been very justly observed that in such cases courts of equity do not act so much in analogy to the statutes as in obedience to them. In a great variety of other cases courts of equity act upon the analogy of the limitations at law. Thus for example if a legal title would in ejectment be barred by twenty years' adverse possession, courts of equity will act upon the like limitation and apply it to all cases of relief sought upon equitable titles or claims touching real estate. Thus for example if the mortgagee has been in possession of the mortgaged estate for twenty years without acknowledging the existence of the mortgage, it will be presumed that the mortgage is foreclosed and that he holds by an absolute title. If the mortgagor has been in possession of the mortgaged estate for the like space of time without acknowledging the mortgaged debt, it will be presumed to be paid. If the judgment creditor has lain by for twenty years without any effort to enforce his judgment, and it has not been acknowledged by the debtor within that time, it will be presumed to be satisfied. And in all these cases courts of equity will act upon these facts as a positive bar to relief in equity. But a defense peculiar to courts of equity is that founded

upon the mere lapse of time and the staleness of the claim in cases where no statute of limitations directly governs the case. In such cases courts of equity act sometimes by analogy to the law, and sometimes act upon their own inherent doctrine of discouraging for the peace of society antiquated demands by refusing to interfere where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights.

1520a. It is often suggested that the lapse of time constitutes no bar in case of trust. But this proposition must be received with its appropriate qualifications. As long as the relation of trustee and *cestui que trust* is acknowledged to exist between the parties, and the trust is continued, lapse of time can constitute no bar to an account or other proper relief for the *cestui que trust*. But where this relation is no longer admitted to exist or time and long acquiescence have obscured the nature and character of the trust or the acts of the parties, or other circumstances give rise to presumptions unfavorable to its continuance,—in all such cases a court of equity will refuse relief upon the ground of lapse of time, and its inability to do complete justice. This doctrine will apply even to cases of express trust, and *a fortiori* it will apply with increased strength to cases of implied or constructive trusts.

It will be seen, as we think, from the foregoing that the sections cited do not sustain appellant's contention. We have examined with care the Kentucky authorities

cited by appellant, and are unable to see that any of them sustain his contention.

Appellant insists that the payment of November, 1880, extinguished the statutory bar theretofore incurred or existing, but we do not concur in that contention. A payment upon a liability in order to create a new promise or recognition of the liability must be such as to at least authorize the inference of a promise to pay the residue. In this case the transaction, including the receipt, negatives the idea of a promise to pay, or a recognition that any further sum remained due. Nor do we think the payment extended the right of appellant to institute an action for the settlement of the trust estate.

It is said in Buswell on Limitations, section 77: "It has been held that a new promise might be inferred from the fact of such payment without other evidence, but the weight of modern authority is in favor of the rule that the jury is not bound to infer such promise from the mere fact of payment for proof of a payment of part of a debt is in legal effect only evidence of an acknowledgment from which a promise to pay the remainder of the debt may be properly inferred, and if a payment is made under circumstances which rebut the inference of a new promise to pay the residue of the debt, it is no answer to the statute of limitations; and the doctrine is laid down by Parke B., that a part payment in order to be sufficient to take the case out of the statute must appear to have been made on account of a sum admitted to be due, accompanied by a promise to pay the remainder."

Appellant also refers to section 93 of the Kentucky

Statutes as containing a statutory provision whereby an assignee may become discharged from liability on account of an assignment.  We are not of the opinion that the act of March, 1894 (being chapter 7 of Kentucky Statutes), is applicable to the case at bar, or was intended to regulate assignments theretofore made. If, however, the act *supra* must be held to govern this case, it follows that the petition of appellant was insufficient for the reason it does not show that plaintiffs represented one-fourth of the liabilities of the assignor; hence the demurrer thereto should have been sustained if the act *supra* is applicable to this assignment.

The only statutory law regulating or governing assignments at the time the assignment in question was made are to be found in Myer's Supplement, pages 533 and 534; being acts of the legislature passed in 1860 and 1864 respectively.  The first section of the act of 1860 requires the trustee, before he acts, to execute a bond in the county court, and take an oath to faithfully execute the duties confided to him by such conveyance, and execute a covenant in open court with good security, payable to the grantor in such conveyance to the effect that he will faithfully, in proper time, discharge all duties as trustee imposed on him by the conveyance, or by the laws of the land.  The second section provides, that for a breach of the covenant named in the first section of this act, any person injured thereby shall have remedy for recovery of damages by appropriate action thereon in any court having jurisdiction thereof.

The act of 1864 is as follows:  "That a trustee or as-

signee shall hereafter return, under oath to the county court in which he executes bond, within sixty days thereafter, an inventory of all that has come into his hands, or been conveyed by the deed to him, and return to said court report of sales within two years from the time aforesaid; unless said court shall for good cause give further time, and said inventory and report shall be recorded in the clerk's office of said court."

It seems to us that a right of action accrued to the appellant within two years after the qualification of the appellee as assignee under the deed of trust and that the statute began to run from that time; and, so far as the record shows, nothing occurred to suspend the running of the statute. It may be true that no statute of limitation expressly provides what period of time shall be necessary to bar a cause of action against an assignee for the benefit of creditors, but it seems clear to us that the action of necessity must at some period be barred by time. It is the manifest duty of the trustee or assignee to execute and discharge the trust, and he has no right to hold the funds any longer than is necessary to determine the amount and the proper pro rata, where the estate is insolvent; and we think that under the statute in force in 1866 two years was as long as he was entitled to be éxempt from proceedings to compel a discharge of the trust, if indeed he was necessarily entitled to that much time.

The right to institute proper proceedings to compel the discharge of the duties of the appellee accrued more than twenty years before the institution of this action and it in fact does not appear but what the appellee had in fact set-

tled his accounts with the county court long before the institution of this suit so far at least as the claim of appellant is concerned.

It was said in Allen v. Froman, 96 Ky., 317: "So, as held by this court in Hoffert v. Miller, 86 Ky., 572, it has become legislative policy of this State to fix in every cause of action a limit of time to begin every action, or proceeding for relief, and section 9, article 3, was intended for that purpose."

In Hargis, etc. v. Sewell's Admr., 87 Ky., 67, this court in discussing the statute of limitations said:

"Courts of equity in this State prior to the adoption of the Revised Statutes assumed the power, and properly, to apply the statute of limitations to cases of exclusive equitable cognizance although the old statutes by their terms applied alone to actions at law; but now statutes of limitations apply to all cases whether in law or in equity, and the chancellor can exercise no discretion on the subject, but must apply the statute when properly pleaded although the jurisdiction over the subject matter belongs exclusively to a court of equity."

The court then quotes the statute of limitations heretofore quoted in this opinion, and said:

"The reason that the statute does not run in such cases is, that the *cestui que trust* has no right to sue the trustee and recover the trust fund; but whenever a right of action exists, there is no reason why the trustee may not rely on the statute, if the time has run as a bar to recovery, for when right of action accrues the trust terminates."

Section 1 of article 3, chapter 71, General Statutes, pro-

vides: That action upon an official bond of a sheriff, marshal, sergeant, clerk, constable or any other public officer, or any commissioner, receiver, curator, personal representative, guardian, committee, or trustee appointed by the court or authority of law . . . . shall be commenced within fifteen years after the cause of action first accrued.

In Robinson's Committee v. Elam's Admr., 90 Ky., 300, this court discussed and construed the statute of limitations, and among other things said:

"Over twenty-two years elapsed from the qualification of Elam as an administrator until these suits were brought, and over twenty years from the time of his first settlement in which he was credited with the money now sought to be recovered. It is urged that he held it in trust, and that the statute of limitation, which in this State is fifteen years to an action upon administrator's bond after the accrual of the cause of action, did not, therefore, run against the party entitled to it.

"It has been long well settled that the statute of limitation applies in equity, as well as in law. Our present statute applies to all actions, and, when properly pleaded, it must prevail even where the jurisdiction is exclusively equitable. It was so applied by the courts even before the adoption of the Revised Statutes of 1852, although the then existing statutes did not in terms so provide. Any other rule would largely defeat the policy of the law.

"It is contended, however, that this case is embraced by section 20, article 5, chapter 71, of the General Statutes, which provides: 'The provisions of this chapter (as to

Richardson v. Chanslor's Trustee.

limitations of actions) shall not apply in the case of a continuing and subsisting trust, nor to an action by a vendee of real property in the possession thereof to obtain a conveyance.' The term 'trust' is a very broad one. In its most comprehensive sense it embraces every deposit, and it, of course, would not do to hold that in all such cases the statute does not run even though the claimant is invested with power and right to sue. Such a rule would evidently defeat the legislative purpose and render nugatory, in a great degree, our 'Statute of Repose.'

"The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the *cestui que trust* has no right to sue and recover it. Where, only the latter may do so and forbears to exercise the right, the letter of our statute, as well as the policy of our law, gives the opposing party the right to rely upon the lapse of time. The time, by the terms of the statute, begins to run from the accrual of the cause of action."

The doctrine announced in the opinion *supra* was approved in Mercer v. Glass, 15 Ky. Law Reporter, 710.

If it be true, as intimated in the reply of appellant, that there had been pending in the Mason Circuit Court a suit for a settlement of the trust estate appellant should have presented his claim in that suit, and properly prosecuted same, or, if said suit was improperly or prematurely stricken from the docket, he should have instituted proper proceedings for the reinstatement of the same.

It seems clear to us that the fifteen years statute of lim-

itation barred appellant's right to bring and maintain this action for a settlement of the estate. We are further of the opinion that appellant can not after the lapse of ten years avoid the legal effect of the receipt and settle-ment pleaded by the appellee, unless some reason or fact other than appears in this record was exhibited.

Judgment affirmed.