**FREIBERG v. PIERCE.**

No. 1310.

Circuit Court of Appeals, Tenth Circuit.

April 21, 1936.

Rehearing Denied June 3, 1936.

W. I. Williams, of Tulsa, Okl., and George W. Freiberg, of St. Louis, Mo., for appellant.

M. A. Breckinridge, of Tulsa, Okl., for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge.

This is an action at law instituted on June 16, 1933, by A. H. Freiberg, a resident and citizen of Iowa, against R. H. Pierce, a resident and citizen of Oklahoma, to recover $111,320.64. The bill of complaint set up 13 causes of action. Plaintiff's first 12 causes of action are bottomed on various business transactions between the parties during the years 1923 to 1927 involving notes, checks, drafts, certificates of deposit in a bank, and a lost written guaranty of money invested by plaintiff in a certain gas lease and gas well. Each cause of action contains an allegation of partial payment by defendant on December 4, 1928, and January 14, 1929. The 13th cause of action incorporated the allegations of the first 12 causes of action, charged fraud, and alleged promises by defendant not to plead the statute of limitations and promises of payment. The court below struck the 13th cause of action on the ground that it alleged matters that should have been set up by way of reply. No question is now raised as to that ruling.

Defendant answered each of the 12 causes of action, and alleged that certain of plaintiff's claims had been paid. Defendant pleaded the statute of limitations as to each cause of action, and further answered that he compromised and settled on December 4, 1928, all indebtedness owing from him to plaintiff for the sum of $4000, $2200 of which was paid on that date and the $1800 balance on January 14, 1929.

The following letter and receipt were pleaded:

"La Crosse, Wis., Dec. 4, 1928.
"Mr. R. H. Pierce,
"416 Philtower,
"Tulsa, Okla.
"Dear Mr. Pierce:

"Your attorney, Mr. Jack Hayes, has paid me the sum of Twenty-two Hundred ($2200.00) Dollars in cash this morning, the receipt of which I hereby acknowledge.

"He has further agreed that you pay me the sum of Eighteen Hundred ($1800.-00) Dollars, thirty days from date, viz., January 4th, 1929. These payments, to-wit: the $2200 which I have heretofore acknowledged, receipt of, and the $1800 which Mr. Hayes agrees that you are to pay me on January 4th, 1929, will pay up all indebtedness 'of any kind or nature whatsoever, which you now owe me, or have at any time in the past owed me.

"Very truly yours,
[Signed]    A. H. Freiberg.
"A. H. Freiberg.

"$1800.00 above referred to paid me this 14' day of January, 1929.

"A. H. Freiberg."

"La Crosse, Wis., Dec. 4th, 1928.

"Receipt is hereby acknowledged of the sum of Twenty-two Hundred ($2200.00) Dollars in cash to me in hand paid, by R. H. Pierce of Tulsa, Oklahoma. This sum, together with Eighteen Hundred ($1800.-00) Dollars to be paid me January 4th, 1929, represents all the indebtedness of any kind or nature whatsoever, which the said R. H. Pierce owes me.

"It is agreed that in the event the said R. H. Pierce fails to pay me the further sum of $1800.00 on January 4th, 1929, then and in that event, this receipt is held for naught insofar as the $1800.00 is concerned, but good as to the $2200 which I have this day received.

"A. H. Freiberg.

"Subscribed and sworn to before me this 4th day of December, 1928. Alice M. Moore, Notary Public, La Crosse, Wisconsin. My commission expires August 9, 1931.

"Received the $1800.00 above referred to this 14th day of January, 1929.

"A. H. Freiberg."

Plaintiff replied that defendant begged him not to sue; that defendant said he would not avail himself of the statute of limitations; that he said he would pay the whole indebtedness; and that this conduct of defendant estopped him from pleading the statute of limitations. Plaintiff further replied that the above receipt was given in December, 1928, when Jack Hayes, defendant's attorney, made the payment of $2200; that he gave the receipt only after an agreement that it was not to be in full settlement; that defendant said his reason for wanting the receipt was that he was afraid plaintiff might not regain possession of the notes, checks, drafts and other instruments here sued on, he wanted protection against persons who might attempt to use the same to his hurt, said receipt was not intended to be a full settlement and satisfaction, and defendant agreed it would not be used for that purpose; that plaintiff would not have signed the receipt except for said assurances and promises that said receipt would not be used against plaintiff, but only against persons who might undertake to hold defendant liable without right; that defendant did not deny liability to plaintiff until December 24, 1931; and that between December 4, 1928, and December 24, 1931, defendant made numerous statements and promises that he would pay plaintiff.

Section 101, Oklahoma Statutes 1931, provides a five year limitation of action on written contracts and a three year limitation on unwritten contracts. Section 107 provides that payment of principal or interest extends the limitation for the full period.

Plaintiff applied the $4000 referred to in his receipt upon the various claims set forth in his complaint. Those applications of the $4000 are the partial payments pleaded and relied upon to avoid the statute of limitations. Plaintiff testified that defendant gave no directions as to the application of the $4000. Plaintiff's testimony as to his reasons for giving the receipt in full is to the same effect as the allegations in his reply, which is summarized above. Plaintiff's testimony that it was agreed that the receipt was not to be in full settlement and that it would not be used by defendant for that purpose is impeached by plaintiff's personal letter to defendant, which was written at the same time the receipt was given. He also testified that defendant repeatedly promised to pay the amounts claimed and promised not to plead the statute of limitations if the plaintiff would not sue.

Defendant's evidence was that he made a settlement with plaintiff of their differences on December 4, 1928, through Jack

Hayes, his attorney, and that the receipt was given in final settlement. Jack Hayes testified for defendant that he negotiated a settlement for $4000 culminating in the giving of the receipt and payment of the money.

Plaintiff stated that there was never any dispute as to the amount defendant owed him, but he does not say what the undisputed amount was. He brought two suits in 1932 in the state court and dismissed both of them. In the first he stated in a verified petition that defendant owed him $41,500, and in the second. $49,400. Plaintiff and certain witnesses talk about a promise made a short time before December 4, 1928, by defendant to pay plaintiff $6500, apparently to be a partial payment. Defendant denies such negotiation, but says he had been harassed by plaintiff until he told Hayes to go to plaintiff and negotiate a settlement. Defendant says he told Hayes what he figured he owed plaintiff, but the amount is not stated by him.

The trial court held that the letter and receipt constituted a settlement of plaintiff's and defendant's differences; that plaintiff's suit was barred thereby; and that the evidence was not sufficient to avoid said settlement. Judgment was entered for defendant, and plaintiff appeals.

██ A receipt is a written acknowledgment of the payment of money and like any other admission may be explained or contradicted. However, a receipt may embody a contract, and if it does parol evidence is inadmissible to vary or contradict it. Davison v. Davis, 125 U.S. 90, 8 S.Ct. 825, 31 L.Ed. 635; Fire Ins. Ass'n v. Wickham, 141 U.S. 564, 12 S.Ct. 84, 87, 35 L. Ed. 860; Ramsdell v. Clark, 20 Mont. 103, 49 P. 591.

██ Plaintiff contends here that the question whether his letter and receipt were contractual in character or constituted merely a receipt was for the jury, and that the court erred in not submitting the question to the jury, but the plaintiff did not make a request that the question be submitted to the jury or in any way object to the procedure followed by the court. There is no ruling by the court in the course of the trial before us for review.

Fire Ins. Ass'n v. Wickham, supra, is the principal case relied on by plaintiff. In that case the defendant insurance companies were liable upon certain insurance policies for the expense of raising and saving an insured vessel, which had been scuttled to extinguish a fire, as well as for the direct injury to the vessel in consequence of the fire. The insurance companies paid the owner $15,364.78, which had been agreed upon as the loss by fire exclusive of the cost of raising the vessel. Payment was made in advance of the time it was due under the policies. The insurance companies took receipts expressed to be in full of all claims for loss or damage by fire and which stated that the policies were surrendered and cancelled. The insurance companies were aware when they made the above payment that the owner would make further claims for expenses of raising the vessel, and that he was then preparing a statement of such expenses to submit with his claims. When the owner sued to recover his expenses in raising the vessel (over $15,000), the defendant insurance companies claimed that the payment of the loss and damage to the vessel itself was by way of accord and satisfaction of the owner's entire claim and offered his receipts in evidence. In passing on the question presented, whether there was a contract with a good consideration, the court gave attention to the attending circumstances and parol evidence. The payment of an admitted liability, agreed upon in amount, was held not to be good consideration to support an agreement releasing the insurance companies from a further liability about which there could be no question. The court said in part: "The rule is well established that where the facts show clearly a certain sum to be due from one person to another, a release of the entire sum upon payment of a part is without consideration, and the creditor may still sue and recover the residue. If there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim; but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole upon payment of part will not be considered as a compromise, but will be treated as without consideration and void." The court further said that the insurance companies could waive their rights and pay in advance of the time fixed in the policies, or such payment of a part of their liability would support a compromise and settlement of all claims under the policies if the

parties treated such prepayment as the inducement or consideration for such agreement. It was not error for the trial court to allow the jury to consider all the attending circumstances and decide whether the parties actually compromised and settled all claims under the policies and whether the parties treated the payment in advance of the time fixed in the policies as consideration therefor. That was the question submitted to the jury. There was ample evidence to support the finding of the jury that there was no compromise.

██ Plaintiff Freiberg's letter and receipt contain admissions of payment in full of all that was due from defendant Pierce. Plaintiff testified that there was never any dispute as to the amount defendant owed him. He does not state what the undisputed sum was, and we cannot gather from the record what it was. All the evidence indicates that the extent of defendant's liability was very much in dispute. In the three suits filed by plaintiff he asked for judgments in widely varying amounts. Since the amount due from defendant was in dispute, it could be the subject of compromise. By taking $4000 and giving a receipt in full plaintiff compromised his claim and acquitted defendant of further liability. See cases above. Also, De Arnaud v. United States, 151 U.S. 483, 14 S.Ct. 374, 38 L. Ed. 244. The receipt carried out a compromise and settlement, is a contract with a legal consideration, and, as held by the trial court, its terms cannot be varied by parol evidence of a contemporaneous oral agreement.

██ Under 28 U.S.C.A. § 398, plaintiff was permitted to set up in his replication equitable grounds for avoiding the compromise pleaded in defendant's answer. Equitable issues thus raised should be first disposed of by the trial court sitting as a court of equity, and then if an issue of law remains, it is triable to a jury. Union Pacific R. Co. v. Syas (C.C.A.8) 246 F. 561; Houston v. Trower (C.C.A.8) 297 F. 558; Liberty Oil Co. v. Condon Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232. The allegations of plaintiff's reply amounted to no more than an attempt to plead a different contemporaneous oral agreement. The trial court determined the issue thus raised by finding that the evidence did not justify the setting aside of the receipt and letter, which constituted a compromise and settlement of plaintiff's and defendant's differences and barred plaintiff's suit. If it could be said that plaintiff was entitled to have his evidence heard, his proof was not convincing, and the trial court reached a conclusion supported by the evidence. As stated in Standard Oil Co. of Colorado v. Standard Oil Co. (C.C.A.10) 72 F.(2d) 524, 527:

"Where a chancellor has considered conflicting evidence and has made his findings and decree thereon, they must be regarded as presumptively correct, and unless a serious mistake has been made in the consideration of the evidence or an obvious error has intervened in the application of the law, the decree should be permitted to stand."

██ The statute of limitations bars plaintiff's recovery. Defendant intended to discharge his liability under the compromise agreement when he made the $4000 payment to plaintiff. Defendant paid the exact amount plaintiff stated in his letter and receipt was owing to him. It cannot be said that defendant intended to acknowledge the claims here sued on. The principle that a debtor intends to acknowledge the greater debt by making a payment on account of the debt has no application and cannot be relied on to avoid the statute of limitations. See United States v. Wilder, 13 Wall. 254, 20 L.Ed. 681.

Affirmed.

### On Petition for Rehearing.

Appellant's petition for rehearing has attached to it a brief of forty pages in which a large number of authorities are cited in support of various alleged errors in our opinion affirming the judgment below. Two propositions going to the merits are urged. First. That the claims relied upon and set forth in the complaint are liquidated claims, and therefore the compromise and settlement between the parties made on December 4, 1928, and plaintiff's letter in confirmation thereof amounted only to a receipt and can be taken only as part payments of the several claims. Second. That appellant had a right to apply the $4,000 paid at time of compromise and settlement on these claims as credits and thus lift the bar of the statute of limitations. The letter and compromise and settlement agreement are set forth in our prior opinion. We give attention to each of these propositions.

██ As to the first. It appears appellant first sued in the state court. He

there set up nine claims aggregating $46,000 in their principal sums, but he asked judgment for said principal sums to the amount of $41,500, alleging that "Pierce was indebted to him in the principal sum of $41,500 with interest thereon." He verified that complaint and later dismissed it without prejudice. He then brought another suit in the state court. He set up eight claims amounting in their principal sums to $44,826.24. He omitted two claims in his first suit and added new ones in his second suit, which according to his allegations antedated the bringing of the first suit. He verified under oath the correctness of the statements and allegations in that complaint also. He later dismissed that suit without prejudice. He then instituted this suit in which he set up twelve claims. The total amount of the principal sums here sought to be recovered is $72,000. Some of the claims are based on promissory notes, some on bank checks given by appellee and alleged to have been paid by appellant personally when they were presented to Farmers Savings Bank of New Albin, Iowa, of which he was cashier, on the expectation that appellee would take them up by checks on an Oklahoma bank, which appellee gave and which on presentation were dishonored, and some on bank certificates of deposit issued by appellant as cashier which he loaned to appellee, and some for funds invested by appellant in gas and oil wells which appellee, as alleged, guaranteed would produce and pay back the investment. This complaint was also verified by appellant as true.

The District Judge found: "Now this record discloses there was a dispute between these parties about the amount of indebtedness. There just cannot be any other conclusion reached from the sworn testimony, that they were not agreed upon the amount of the indebtedness." With this finding from the facts that have been stated we can not accept the contention that appellee's indebtedness was a liquidated sum.

Some of the obligations set up in the complaint were in writing, some verbal, and some by implication of law. As to the first, they were barred in five years and the others in three years. Appellant attempted to relieve them from the bar by crediting each claimed liability with a sum which he arrived at by apportioning what he received on compromise and settlement made with appellee. Adding the apportioned sums as made by appellant they appear to exceed in a substantial sum the $4,000 which appellant received. For that purpose appellant testified that no direction was given by appellee as to application by him of the $4,000. Did appellant have the right to so apply it? We think not. Clearly Pierce had no intention of admitting his liability for the whole indebtedness claimed by Freiberg. He would not pay anything until the settlement papers were signed and then paid the $4,000 in accordance with their terms. When he paid, Freiberg delivered to Pierce's agent who made the settlement one of the notes sued on and testified that the other papers set out in the exhibits to the complaint as the basis of the different counts were locked up in Freiberg's bank at New Albin, which was in the hands of a receiver, and for that reason they could not be delivered to him. The principle applicable to the facts here is well stated in Richardson v. Chanslor's Trustee, 103 Ky. 425, 45 S.W. 774, 778: "A payment upon a liability, in order to create a new promise or recognition of the liability, must be such as to at least authorize the inference of a promise to pay the residue. In this case the transaction, including the receipt, negatives the idea of a promise to pay, or a recognition that any further sum remained due." In Crow v. Gleason, 141 N.Y. 489, 36 N.E. 497, the court said: "In order to make a money payment a part payment, within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to, and accepted by, him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not, of itself, conclusive to take the case out of the statute." In Cashmar-King Supply Co. v. Dowd & King, 146 N.C. 191, 59 S.E. 685, 686, 14 Ann.Cas. 211, the court quoting from one of its prior decisions said: "A partial payment, though the evidence need not be in writing, being an act and not a mere declaration, revives the liability because it is deemed a recognition of it, and an assumption anew of the balance due. But if, at the time such payment is made, the presumption arising from the unexplained fact is disproved

by the attending circumstances, or other sufficient evidence of a contrary intent, the payment will not have such effect. Here not only can no inference of such intention be inferred, but there was an express agreement that Hart was not to be held responsible for the residue of his principal's defalcation, and the payment is made upon that understanding." See, also, Jones v. Langhorne, 19 Colo. 206, 34 P. 997. It is true that Freiberg and his brother testified that appellee stated that the settlement papers were wanted by Pierce for another purpose and that he expected to pay the balance he owed Freiberg, but Pierce denies that he ever made such statements and Freiberg's letter to Pierce with the settlement papers can hardly be ignored and avoided by such testimony. Freiberg was a man of business affairs. It can not be believed that he would have let the matter rest solely in parole. We therefore conclude that the statutory bar, without more, was a complete defense against all claims and that the District Judge did not err in directing judgment for appellee.

As heretofore held, objections to procedural matters were not saved.

The motion for rehearing is denied.