CASE 86—ACTION ON WRITTEN OBLIGATION TO PAY $62.50 EVERY THREE MONTHS DURING LIFE OF PAYEE AS INTEREST ON MONEY OWING BY PAYOR TO PAYEE—Oct. 18.

## Price's Admx. v. Price's Administratrix.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

CONSTRUCTION OF CONTRACT—SATISFACTION OF DEBT—AGREEMENT TO ACCEPT ANNUITY—USURY—SUFFICIENCY OF CONSIDERATION—INADEQUACY OF CONSIDERATION—EVIDENCE OF FRAUD—STATUTE OF LIMITATIONS—PART PAYMENT.

Held: 1. Where S. executed to D., his brother, a writing promising to pay to D. $62.50 "every three months during his natural life," which was recited as "being the interest on $4,000 which I owe him," and D. at the same time executed to S. a receipt for "all demands to this date, except $62.50 to be paid every three months during my life, it being the interest on $4,000 which he owes me, and which he is to have at my death," the two writings, which are to be construed together, import that S. at that date owed D. $4,000, and that D. released him from this debt in consideration of the quarterly payments which he agreed to make.

2. The contract, being, in substance, an undertaking to pay an annuity of $250 a year in quarterly installments in consideration of the release of a debt of $4,000, was not usurious, the payment not being made for the use of, or the forbearance to collect, money, but in consideration of the satisfaction of the debt.

3. Under Kentucky Statutes, section 472, authorizing the real consideration of a writing to be shown, the fact that the agreement was made in compromise of matters of difference and dispute between the parties may be shown by extrinsic evidence.

4. As the annuity amounted to more than legal interest, and was to be paid quarterly, the contract was supported by a sufficient consideration; a valuable consideration, however small, being sufficient to support a contract.

5. Whether the consideration is so inadequate as to suggest fraud can not be considered upon demurrer, but only upon a plea of fraud.

6. If the contract was invalid, the payee was never bound thereby, and might have sued for his debt at once; and therefore an action to recover the debt, brought more than fifteen years thereafter, is barred by the statute of limitations.

7. The payments of the annuity do not take the case out of the statute, as they were not made in part payment of the original debt, and can not, therefore, be regarded as an acknowledgment that it was due.

MORTON & DARNALL, ATTORNEYS FOR APPELLANT.

### POINTS AND AUTHORITIES.

(1) A contract and not a will made by the papers dated January 1, 1879. (McDowell v. Hall, 2d Bibb, 611).

(2) Parol testimony admissible to aid in construing ambiguous writings, when it does not contradict or vary express terms thereof. Collins v. Almy, 10th Ky. Law Rep., 985; Henning v. Burnett, 13th Ky. Law Rep., 969; Beverly v. Noel, 4th Ky. Law Rep., 985; Louisville Banking Co. v. Leonard, 90th Ky., 106; Blackney v. Continental Ins. Co., 83d Ky., 574.

(3) The consideration of a written instrument may be attacked by answer and parol evidence. Section 472, Ky. Stats., p. 296.

(4) The annuity secured by the papers dated January 1, 1879, is the proper subject of a contract. Vol. 1, Am. & Eng. Ency. of Law, pp. 592-6; 3d Kent's Com., side page, 460; Vol. 1, Burrell's Law Dictionary, 102; Lloyd v. Scott, 4th Peters, U. S. Supreme Court, 225.

JOHN B. JAMES AND GEO. S. SHANKLIN, FOR APPELLEE.

### STATEMENT OF POINTS AND AUTHORITIES RELIED ON.

(1) A promise to give can not be enforced. Blackstone, vol. 2, 441; Duncan's Admr. v. Duncan, 5 Litt., 13.

(2) Gifts to take effect *in futuro*, and the title to the property not parted with by donor are inoperative. Buford v. McKee,

Price's Administratrix v. Price's Administratrix.

1 Dana, 107; Mahan v. Mahan, 7 B. M., 579; Walden's Admr. v. Dixon, 5 Mon., 170; Knott v. Hogan, 4 Met., 99.

(3) Meritorious consideration does not extend to collaterals or brothers, &c. Buford v. McKee, 1 Dana, 107; McIntire v. Hughes, 4 Bibb, 187; Mahan v. Mahan, 7 B. Mon., 579.

(3) Denials of the legal import of admitted writing insufficient on demurrer. Trask v. Roberts, 1 B. Mon., 203; Lewis v. Harris, 4 Met., 355; The People's Mutual Assurance Fund of Louisville v. Boessee, 92 Ky., 296; Frazier v. Hardy, 8 Ky. Law Rep., 358; McArthur v. Dayton, 11 Ky. Law Rep., 369; Corbin v. Com., 2 Met., 382.

(4) Written contracts can not be varied or contradicted by verbal statements made contemporaneously with or prior to its execution without alleging fraud or mistake. Castleman v. Southern Ins. Co., 14 Bush, 197; McKegney v. Wideman, &c., 6 Bush, 108; Wright v. Shelby R. R. Co., 16 B. M., 6; Nat. Asso. v. Heckman, 86 Ky., 254; Turpin's Admr. v. Marksbury, 3 J. J. M., 625; Worland v. Secrest, 21 Ky. Law Rep., 365.

(5) As an exception to above rule, the consideration may be enlarged or changed, provided the change is confined to the consideration and does not vary or contradict the legal import of the contract. Crutcher v. Muir, 90 Ky., 146; Thomas v. McCormack, 9 Dana, 108; Corbin v. Com., 2 Met., 382; People's Mut. &c. v. Boesse, 92 Ky., 296; McKegney v. Widekind, 6 Bush, 108.

(6) Where different consideration would make new contract for parties, it should be excluded. Stillings v. Tirmins, 152 Mass., 147, (S. C., 25 N. E. R., 50); Langan v. Langan, 89 Cal., 180, (S. C., 26 Pac. Rep., 794); Burr W. Jones on Evidence, vol. 2, sec. 475.

(7) Definition of annuity and interest. Bouvier's Law Dictionary; Am. & Eng. Ency. Law, vol. 1 p. 592.

(8) Promise to perform what one is bound in law to do is no consideration. Cobb v. Cowdery, 94 Am. Dec., 370.

(9) Agreement to pay usury furnishes no consideration. Tudor v. Goodloe, 1 B. M., 324; Robinson v. Miller, 2d Bush, 182.

(10) Payment of part of debt no consideration for extinguishment of balance. Jones v. Bullitt, 2 Litt., 51; Patterson v. Garrett, 7 J. J. M., 114; Williams v. Langford, 15 B. M., 569; Young v. Neal, 10 Ky. Law Rep., 404.

(11) Agreement to pay future accruing interest furnishes no consideration. Newman v. Evans, 5 Ky. Law Rep., 603; Roberts v. Barnum, 80 Ky., 28.

(12) Debtor agreeing to keep money long time furnishes no consideration. Bank v. Fletcher, 3 J. J. M., 196.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee instituted this action in the Fayette circuit court against the appellants.    It is alleged in the petition that on the 1st of January, 1879, S. Price executed and delivered to D. L. Price the following writing, to-wit: "January 1, 1879.    One day after date I promise to pay to D. L. Price or order sixty-two dollars 50-100 every three months during his natural life; it being the interest on four thousand dollars which I owe him.    Witness:  Geo. P. McCann.  [Signed] S. Price."    It is further alleged that at the same time D. L. Price executed and delivered to S. Price a writing relating to the same matter, which reads as follows:  "January 1, 1879.  Received of S. Price all demands to this date, except sixty-two dollars and fifty cents to be paid every three months during my life; it being the interest on four thousand dollars which he owes me, and which he is to have at my death. Witness:  Geo. P. McCann.  [Signed] D. L. Price."    Said latter writing was held by S. Price during his life.    It is further alleged:    That by the terms of said agreement said $4,000 was loaned by said D. L. Price to said S. Price during the natural life of said D. L. Price, and the said $4,000 was at the death of said D. L. Price to pass to said S. Price as a devise.    Said writing signed by D. L. Price being in the nature of  a  bequest  by said  D. L. Price to said S. Price, and said D. L. Price, so regarding it, afterwards gave him written notice that he (D. L. Price) revoked the same; and in his last will he again revoked the said will or bequest, and devised the said $4,000 to said Ann M. Price.    That said $4,000 mentioned in said writings as owing by said S. Price to D. L. Price became due and payable at the death of said D. L. Price, on the 16th day of August, 1899, and the said $4,000 was then

money had and received by defendant, Sallie G. Price, as administratrix, for the use of the said plaintiff, to be paid by the said defendant to the said plaintiff, no part of which has been paid. It is further alleged in the petition that S. Price died the owner of certain real estate. In the second paragraph of the petition the plaintiff, in substance, alleged: That S. Price, by his promissory note dated January 1, 1879, and executed and delivered to D. L. Price, agreed to pay him every three months thereafter during said D. L. Price's natural life $62.50, as quarterly interest on $4,000, borrowed money, at six and one-fourth per cent. per annum. All of said indebtedness then due had been paid up to October 1, 1898, but no part of the same accruing after that date has been paid, but remains due, owing, and unpaid, after taking out the usury, to-wit, $210, from October 1, 1898, to August 16, 1899. That D. L. Price died August 16, 1899. The appellant demurred to the first paragraph of plaintiff's petition, which was overruled. Thereupon appellants filed their answer, in which the execution of the two written instruments in the petition mentioned was admitted, and the one executed by D. L. Price filed with the answer. It is further alleged that the two said instruments were executed and delivered by the parties at the same time to evidence one contract, and should be taken and considered together, as forming one contract and agreement. The answer is a substantial denial that by the agreement the $4,000 was loaned by D. L. Price to S. Price, or that it was to pass to the said S. Price as a devise from D. L. Price, or that said written instrument signed by D. L. Price was in the nature of a bequest made by D. L. Price to S. Price, or that D. L. Price so regarded it when he signed said paper, or that the said $4,000, as owing by said Price, became due

or payable at the death of said D. L. Price, and that said
$4,000 was money had and received by defendants for
the use of plaintiff, or to be paid to her, or that the
plaintiff is a creditor of the estate of said Price in the
said sum of $4,000, or any part of the same. It is further
alleged that said written instruments were executed and
delivered by the parties thereto under the following cir-
cumstancs, and the promises and agreements therein made
were based upon and were given solely for the following
considerations, and none other, to-wit:    At and prior to
the date of said written instruments of January 1, 1879,
the said D. L. Price and his brother the said S. Price had
the four following unsettled matters of business pending
between them, to-wit:    (1) The said D. L. Price claimed
to be the owner of a valuable trotting horse named Sen-
tinel, then in the possession of S. Price, which claim S.
Price controverted and denied.    (2) The said D. L. Price
claimed a balance due him from S. Price growing out of a
former partnership between them in the practice of med-
icine, which claim, or the amount of said claim, was dis-
puted and controverted by said S. Price.    (3) The said D.
L. Price claimed an interest in the china store in Lexing-
ton, Ky., conducted under the firm name and style of Price
& Co., which claim S. Price disputed and denied.    (4) S.
Price claimed that the said D. L. Price was indebted to
him in a considerable sum for the use and rent of a farm
owned by said S. Price which had been rented and occu-
pied by said D. L. Price and his family.    This claim, or
the amount thereof, was disputed and controverted by D.
L. Price.    That, arising out of all the above-named dis-
puted matters, said D. L. Price on January 1, 1879, claimed
that his brother S. Price was indebted to him (the said
D. L. Price) in a balance of $4,000.    S. Price denied the

amount of such claim.    It was then proposed and agreed between them that if said S. Price would agree to pay to the said D. L. Price during the balance of his natural life the sum of $250 annually, to be paid in quarterly install ments of $62.50 by the said S. Price, then upon the death of D. L. Price, the claim above asserted of $4,000 by D. L. Price, the amount of which was denied by S. Price, should go and belong to the said S. Price, and that all matters between them as above cited should be considered settled.    Upon this understanding and agreement the two written instruments were executed and delivered; and de fendants aver that the said S. Price, wishing to adjust and settle said disputed matters with his brother, D. L. Price, and in consideration of the promise made to him by said D. L. Price that the said $4,000 should belong to him at the death of said D. L. Price, entered into and executed the said agreement of January 1, 1879, and that acting upon the agreement thus made on January 1, 1879, and in consideration alone of the promise and agreement then made upon the part of said D. L. Price that the said $4,000 mentioned should belong to the said S. Price upon the death of said D. L. Price, the $62.50 quarterly payments called for by said agreement have been paid to said D. L. Price up to October 1, 1898; and defendants aver that under and by virtue of said contract of January 1, 1879, the $4,000 mentioned in said two papers passed and be longed to said S. Price.    To this answer plaintiff filed a demurrer upon the ground that it did not state facts suffi cient to support a defense, and also filed special demurrers to certain portions of the answer not necessary to specify. Afterwards the several general demurrers to the entire answer were sustained by the court.    Afterwards appel- lants filed an amended answer.    The first paragraph makes

more specific and full the transactions referred to in the original answer, and avers that, in consideration of the quarterly payments aforesaid, D. L. Price agreed to surrender at his death any claim or demand against said S. Price on account of the indebtedness of S. Price to D. L. Price. Also the answer specifically denies that there was any agreement between the parties whereby S. Price borrowed of said D. L. Price any sum of money. It is also denied that D. L. Price regarded the said writing signed by D. L. Price as a testamentary paper, or regarded the $4,000 therein as a bequest to said S. Price, or that said D. L. Price gave to S. Price any written notice or any notice of his alleged revocation of said bequest, or that in his last will he revoked said bequest and devised said $4,000 to Ann M. Price, and denied that said sum became due at the death of D. L. Price, or at any time, and denied that said $4,000, or any part thereof, was at the death of D. L. Price money had and received by the defendant Sallie G. Price for the use of the plaintiff. The third paragraph of the amended answer is a plea of the statute of limitations. To this answer plaintiff filed a demurrer, and to each of the paragraphs, which were all sustained by the court. Defendants having declined to plead further, the court rendered a judgment in favor of the plaintiff against the administratrix of S. Price for the sum of $4,000, with interest from January 1, 1879, until paid, at six per cent., payable quarterly at the end of each three months up to July 1, 1899, and with interest at straight six per cent. from July 1, 1899, until paid, subject, however, to credits of $62.50 paid quarterly from January 1, 1879, up to October 1, 1898. The judgment, however, was not a personal judgment against Sallie G. Price, but a judgment against the estate of S. Price, and to be made out

·of property and funds belonging to said estate, etc.  The defendants objected and excepted to all the foregoing judgment, and prayed an appeal to the court of appeals, which was granted.

It is contended for appellee that the writing executed by D. L. Price is at most a will or devise, or a promise to give or devise the $4,000 debt in question, and that D. L. Price could legally revoke the devise, or might legally refuse to execute his promise to give.  It is undoubtedly true that a naked promise to devise or bequeath anything to a party may by the testator or promisor be revoked, or he may refuse to execute a promise to give, and that the party expecting the devise or gift is without remedy; but it is also true that, if a party receives a valuable consideration for such promise, the promisee is not without remedy.  Or, in other words, a party can not, when he receives a valuable consideration therefor, refuse to comply with his contract.  It is also contended for appellee that parol evidence is not admissible to vary or contradict a writing, and it is also contended that a writing can not be attacked by the answer and parol evidence unless fraud or mistake is pleaded.  This contention is undoubtedly sound.  It is argued at length for appellee that the writing in question is a promise to pay, and that the answer contradicts the writing, without averring any fraud or mistake; hence the demurrers were properly sustained.  It seems to be the further contention of appellee that the $4,000 became due at the death of D. L. Price; hence the statute of limitation can not avail, for the reason that the cause of action to recover the $4,000 did not accrue five years before the institution of the suit.  It is contended for appellants that the contract involved in this suit was a contract, and not a will; that

parol testimony is admissible in construing ambiguous writings, when it does not contradict or vary the express terms thereof; that the consideration of a written instrument may be attacked by answer and parol evidence; that the annuity secured by the papers in question is a proper subject for contract.

The second contention of appellants is not open to serious controversy, and the same may be said of the third and the fourth contentions.    The first contention can best be determined by the contract itself.    We have carefully considered the extensive briefs of counsel filed, and are not disposed to controvert many, if any, of the propositions of law announced by counsel.    The question to be considered is, what is the law applicable to the case before us?    It seems to be admitted that the two papers constitute one and the same transaction, and must be read together and considered as constituting one transaction. It will be seen that the paper signed by S. Price is not a promise to pay anything, execept $62.50 every three months during the natural life of D. L. Price    It is true, it is further said in the paper, "it being the interest on the $4,000 which I owe him;" and it may be taken as true that S. Price acknowledged, by signing the paper, that he did in fact owe D. L. Price the $4,000, and, if this be so, then D. L. Price had a cause of action, and could have instituted suit and recovered judgment against S. Price for the $4,000; and S. Price also had the right at that time to have paid $4,000, and thereby discharged his indebtedness to the said D. L. Price.    But it seems that neither party desired an immediate payment or settlement,and, instead of D. L. Price proceeding to collect the $4,000, he made the agreement shown by the two papers on file.    S. Price seems not to have desired to pay the

$4,000 at that time; hence he executed the paper in question. It is certain that D. L. Price could not have collected $62.50 quarterly upon the demand. The $4,000 would not draw interest payable quarterly, nor would it draw exceeding six per cent., while the writing shows that six and one-fourth per cent. interest is to be paid. It is true that an agreement, without a consideration, to accept less than the full amount of the debt, is not enforceable; and it may be further remarked that the acceptance of less than the whole of a debt is not a bar to the collection of the residue. But it has often been held that the acceptance of property in satisfaction of a debt was obligatory upon the creditor, and extinguished the debt, although the property in fact might not be worth the amount of the debt satisfied by the acceptance thereof. In this case S. Price agreed to pay $62.50 quarterly until the death of D. L. Price, and it seems that he actually paid $4,937.50 under that contract. It will be seen that D. L. Price on January 1, 1879, executed the following receipt: "Received of S. Price all demands of this date, except $62.50 to be paid every three months during my life; it being the interest on $4,000 which he owes me, and which he is to have at my death." It seems clear that the contract between the parties was that S. Price undertook to pay the sum named during the specified term, and that D. L. Price accepted that agreement in satisfaction of the $4,000; and the expression as to a debt or the amount owing does not at all destroy the validity of the contract, nor render invalid the receipt. It nowhere appears that D. L. Price had any note or evidence of the $4,000 indebtedness; hence the expression, "which he is to have at my death," can not reasonably mean anything else but that the debt was settled, or, in other words, that the new contract was

to extinguish the $4,000 then owing; and it might be argued that the reference to the debt was used simply as showing the consideration for the promise to pay the several sums named.    We think that the writings, taken together, constitute a valid and enforceable contract, if in fact they were not satisfaction at once of the $4,000 claim; and we think that D. L. Price, after having received more than $4,900 in execution of the agreement, can not now be heard to repudiate the receipt given by him, or escape the manifest meaning and wording of the papers signed by the parties.    It results from the foregoing that the court erred in sustaining the demurrer to the answer of defendants.    The court also erred in overruling the demurrer of appellants to the first paragraph of the petition.

We deem it unnecessary to determine the plea of the statute of limitations, for the reason that, under the views already expressed, it is unnecessary to decide that question.

Judgment reversed and cause remanded, with direction to sustain the demurrer to the first paragraph of plaintiff's petition, and to overrule plaintiff's demurrers to appellants' answer and amended answer, and for proceedings consistent with this opinion.

Opinion by Judge Hobson overruling petition for rehearing:

A bare promise, without consideration, by a creditor, to give his debt to his debtor at his death, is unenforceable. Knott's Adm'r v. Hogan, 4 Metc., 99.    But if a creditor holding a debt of $4,000 should agree with the debtor to release the debt for an annuity of $500 a year as long as he lived, the agreement would be valid; for a

different obligation would be created, which would take the place of the original one.    The question to be determined in this case is, to which of these classes does it belong?    The writings, executed at the same time, and to be read together, are as follows:    "One day after date I promise to pay to D. L. Price, or order, sixty-two and 50-100 dollars every three months during his natural life, it being the interest on four thousand dollars which I owe him.  S. Price."  "Received of S. Price all demands to this date, except sixty-two dollars and fifty cents to be paid every three months during my life, it being the interest on four thousand dollars which he owes me, and which he is to have at my death.    D. L. Price."    These writings are inartificially drawn, and in construing them the court must give proper effect to each clause so that the real intention of the parties will be regarded.    The substance of them taken together is this:  S. Price agrees to pay D. L. Price $62.50 every three months during his life, and in consideration of this, D. L. Price acquits him of all demands.   It will be observed that the writing signed by S. Price does not obligate him to pay anything except the quarterly sums of $62.50, and that he was not intended to be bound for anything further is shown by the fact that no note was taken from him for the $4,000, although the parties lived for something like twenty years after the transaction.    It is true that in the writing signed by S. Price these words are used at its conclusion:    "It being the interest on $4,000 which I owe him," and the writing signed by D. L. Price concludes with these words:  "It being the interest on $4,000 which he owes me, and which he is to have at my death."    But the latter writing begins with the words, "Received of S. Price all demands to this date."    There is no necessary in-

consistency between these clauses, and that construction
of the instruments is to be preferred which does not make
them conflict.    Taking all the clauses together, the fair
meaning of the whole of the two papers is that S. Price
at that date owed D. L. Price $4,000, and that D. L.
Price released him from this debt in consideration of the
quarterly payments which he agreed to make.    The con-
cluding words of the last writing, "which he is to have at
my death," were intended by the parties to express the
idea that the quarterly payments were to be made, as
long as D. L. Price lived, on account of the debt, but that
at his death all obligation should cease.    Unless we adopt
this construction, we must reject altogether the words in
the second writing, "Received of S. Price all demands to
this date," which necessarily import an acquittance *in
praesenti;* and also give no force to the fact that S. Price
obligated himself for the payment of nothing except the
quarterly installments.

Such being the construction of the contract, is it valid?
It is, in substance, an undertaking of S. Price to pay D.
L. Price an annuity of $250 a year in quarterly install-
ments in consideration of the release of the debt of $4,000
due by him.    The contract to pay the annuity was not
one for the use or forbearance of money.    The annuity
was not paid for the use of the money, or for forbearance
of D. L. Price to collect it.    The consideration of the
payment of the annuity was the satisfaction of the debt.
No question of usury, therefore, arises.    If the agree-
ment was made in compromise of matters of difference and
dispute between the two brothers, this was a sufficient
consideration; and by section 472, Kentucky Statutes, the
real consideration of a writing may be shown.    But, in-
dependently of the question of compromise of disputed

matters alleged in the answer, the papers on their face
show a sufficient consideration.    The legal interest on
$4,000 was $240 a year.    By the contract, D. L. Price se-
cured $250, payable quarterly.    This was more than the
interest on the money, and, as the payments were to be
made as long as he lived, constituted a sufficient consid-
eration to uphold the contract.    The rule is clear that
a valuable consideration, however small, is sufficient to
sustain a contract.    Thus, in Bishop on Contracts, after
referring to this rule, the learned author says, in section
41:    "Hence in reason, and, it is believed, substantially
on the authorities, the consideration should be something
to which a jury can attach pecuniary value; though, like
the value of a thing stolen in larceny, it may be less than
the smallest coin or denomination known to the law."
Further on, in section 45, he says:    "Yet inadequacy of
value may be strong evidence of fraud, should that ques-
tion be raised; or it may suggest fraud, and in a gross
case it may be the controlling circumstance in establishing
the fraud."    Whether the consideration for this contract
between two brothers, situated as they were, is so inad-
equate as to suggest fraud, can not be considered upon
demurrer.    To raise this question, fraud must be plead-
ed, and then all the facts attending the execution of the
contract may be shown.    But on the face of the papers
the payee got something of substantial value, which was
more than the interest on his money, and the considera-
tion thus appearing is sufficient to uphold the contract on
its face.    If the contract was based on a sufficient con-
sideration, then the payee was bound by it, and he can
not recover the $4,000 contrary to its terms.    If the
contract was invalid, and without consideration, the payee

was never bound by it, and might have sued for his debt of $4,000 the day it was made; and, more than fifteen years having elapsed after this before the bringing of the suit, it is barred by limitation, unless the payments of the annuity take the case out of the statute. The authorities are uniform that a payment which is made by the debtor under the impression that he is paying something else has never the effect of reviving the debt. Thus, in U. S. v. Wilder, 13 Wall., 254, 20 L. Ed., 681, the court said: "The principle on which part payments take a case out of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due. If it was not in the mind of the debtor to do this, the statute, having begun to run, will not be stopped by reason of such payment." A part payment only arrests the running of the statute where from it a promise to pay the debt may be inferred, for the reason that the waiver of the statute rests with the debtor, and it is a question of intention whether he waived it or not. Thus, in Hodge v. Manley, 60 Am. Dec., 257, the court said: "By the later English authorities, in order to remove the statute bar, the mere fact of part payment is not of itself conclusive. The payment must have been made as part payment of a greater debt, and under circumstances that will warrant the jury in finding a promise to pay the remainder of the debt. Wainman v. Kynman, 1 Exch., 118; Tippets v. Heane, 1 Cromp., M. & R., 252; Waugh v. Cope, 6 Mees. & W., 824. It is unnecessary now to say whether the rule to that extent would be adopted in this State, but we entertain a clear conviction that payment of specific items of charge, unaccompanied by any circumstances showing a recognition of any other account, will not be sufficient to remove the operation of the statute. The pay-

ment must at least have been made on the general ac-
count, and with a view to affect the general balance, there-
by acknowledging the existence of an open, running ac-
count, which is to be the subject of the future adjust-
ment." In Brown v. Latham, 42 Am. Rep., 568, the court,
speaking of the acknowledgment that would stop the run-
ning of the statute, said: "Mere payment is not such an
acknowledgment. It must appear that the payment was
a partial one, leaving a part of the debt unpaid, and that
the debtor so understood it. If this does not appear,
the payment does not show his acknowledgment of his lia-
bility and willingness to make another payment." The
rule was also expressly declared by this court in Richard-
son v. Chanslor's Trustee, 103 Ky., 425 (20 R. 121) 45 S. W.,
774. The payments in this case were made upon the annuity,
and not upon the debt of $4,000. They show no under-
standing on the part of the debtor that the debt of $4,000
was to be paid, and no recognition of it can be inferred
from them. On the contrary, they were paid under the
contract, which, by its terms, negatives the idea that any-
thing else was to be paid.

The petition overruled.

Judge Paynter's dissenting opinion.

I dissent from the reasoning of the court, but agree that
the case should be reversed. The fundamental error in
the opinion and response consists in the assumption that
when parties to the contract said one thing they meant
another. The opinion, in effect, holds that when S. Price
in plain terms says, "I owe" D. L. Price $4,000, that he
meant to and did say that "I do not owe him $4,000."
When both parties to the writing said that the $62.50
which was to be paid quarterly, as interest on $4,000

which S. Price owes D. L. Price, the court holds that they said it was not paid as interest on the $4,000 which S. Price "owes" D. L. Price, but on a debt which had been extinguished the instant the writings were executed. The receipt executed by D. L. Price does not purport to be an evidence of the payment of the $4,000, for it recites that S. Price owes that sum, on which he is to pay interest, but which "he is to have at my [D. L. Price's] death." The language used forces the conclusion that S. Price did not take a present interest in the $4,000. The action is upon a writing, which reads as follows: "Jan. 1st, 1879. One day after date I promise to pay to D. L. Price, or order, $62.50 every three months during his natural life, it being the interest on $4,000 which I owe him. [Signed] S. Price. Witness: G. P. McCann." At the time of the execution of that paper, D. L. Price signed and delivered to S. Price a writing which reads as follows: "Jan. 1st, 1879. Received of S. Price all demnds to this date, except $62.50, to be paid every three months during my natural life, it being the interest on $4,000.00 which he owes me, and which he is to have at my death. [Signed] D. L. Price. Witness: G. P. McCann." The plaintiff avers that D. L. Price loaned S. Price $4,000, which was due and payable at his death; that the writing delivered to S. Price was in the nature of a devise, which had been revoked, or was in the nature of a promise to give without consideration, and not enforceable. The appellants defend upon the grounds: First that S. Price and D. L. Price were engaged in business enterprises; that in the settlement D. L. Price asserted certain claims against S. Price, which he denied; that as a compromise and settlement of these disputed claims S. Price agreed that he would acknowledge an indebtedness of $4,000, and pay D.

L. Price during his natural life $62.50 quarterly, on condition that at the death of D. L. Price the claim for $4,000 was not to exist against him.    Second.    That the $62.50 was an annuity.    Third.    That the claim was barred by limitation.    To this defense the court sustained a demurrer, and, the appellants refusing to plead further, a judgment was rendered for the $4,000, etc.    It is admitted that S. Price made the quarterly payments according to the writings until a short time before the death of D. L. Price, which occurred about twenty years after their execution. It is insisted in the brief of the appellee that, if it is in the nature of a devise, it could be revoked at any time, which was done; that if it was in the nature of a promise to give, it was to take effect *in futuro*, and the title to the property not having been parted with by the donor, the promise can not be enforced; if it is in the nature of a devise, D. L. Price had the right to revoke it; if it was a mere promise to give the title remaining in the donor, it is inoperative.    An agreement to pay interest at legal rate for a given time does not furnish a consideration to uphold a promise to relinquish the principal, as the law imposes an obligation upon the debtor to pay both principal and interest.    It is a well-settled rule that a promise by one to do that which is imposed on him by law to do is no consideration at all.    An agreement for the further promise of usury does not suspend the rights of the parties to a contract.    In Tudor v. Goodloe, 1 B. Mon., 324, Judge Robertson, delivering the opinion of the court, said: "The agreement in this case for the further payment of usury, prohibited by statute, was utterly void, and therefore did not suspend for a moment the rights of any of the parties; and the promise to pay six per cent., which was no addition to that which the

law gave, would have been unavailing for want of valuable consideration." S. Price did not, in express terms, promise to pay anything to D. L. Price, except $62.50 quarterly. The writings simply recite that he owes the $4,000 to show a consideration for the promised quarterly payments. It does not show whether the consideration pre-existed or was given simultaneously with its execution. They show an express agreement that the $4,000 is not to be paid. This agreement is as clear as the one that quarterly payments are to be made. As one defense to the action it is averred that the Prices had been engag'd in business enterprises together; that D. L. Price asserted claims against S. Price growing out of these ventures; that he denied alleged indebtedness, and, as a compromise and settlement of these disputed claims, the parties agreed upon a settlement by the terms of which S. Price was to pay D. L. Price $62.50 quarterly, interest on $4,000, during the life of the payee, in full settlement of the compromise balance. If this be true, then D. L. Price's personal representative should not be allowed to recover any part of the $4,000 from the estate of S. Price, for such a compromise and agreement is valid and enforceable. To refuse to enforce such a contract would be to allow one party to perpetrate a great wrong upon the rights of another.

It is contended by counsel for appellee that it will be in contradiction of the writings if appellants are allowed to prove the alleged compromise and agreement. It is elementary that the terms of a written contract can not be varied or contradicted by parol testimony without alleging fraud or mistake. The proposition of appellants is not to contradict the terms of the writings, and thus destroy a promise to pay, but to show the real considera-

tion of it, with the view of upholding the agreement that
S. Price was not to pay D. L. Price the $4,000; for, as we
have said, it is clear from the writings that it was never
to be paid.    By section 472, Kentucky Statutes, "the
consideration of any writing, with or without seal, may be
impeached or denied by pleading verified by oath."    This
section of the statute clearly authorizes a party to a writ-
ing to impeach or deny the consideration of it.    It can
be shown there is no consideration to support a cause
of action on it.    To do this may destroy a promise to
pay embodied in it.    This being true, it would be an
anomalous condition if the law would not allow a party
to a writing to show the real consideration to uphold it.
The effect of the argument of counsel for appellee is that
you can not impeach the consideration if in doing so it
would have the effect of contradicting the writing.    Lan-
guage in one of the writings under consideration is as fol-
lows:    "It being the interest on $4,000 which I owe
him."    If the consideration of a writing can be "impeach-
ed or denied," then, if the facts authorized it, S. Price
could have shown that the consideration was vicious, or
that none existed.    This would have had the effect of
contradicting the language quoted, because he says the
quarterly payments were interest on "$4,000 which I owe."
In this case S. Price promised to pay a stated sum quar-
terly.    In the writing containing this promise the consid-
eration therefor is stated, and, in effect, it is also stated
that that consideration is to cease at the death of the
payee.    To support that agreement, appellants proposed
to show the real consideration for it.    It is not propsed
to show that S. Price's estate should not pay any of the
quarterly installments, but that he only acknowledged
himself indebted to the payee as a matter of compromise,

to-wit, that he was to make the quarterly payments in full satisfaction of all claims the payee had against him. In our opinion, it is competent to show by parol testimony the real consideration for the writings in question. We do not think the plea of the statute of limitations is available. If the writings acknowledged an indebtedness, with the promise to donate it, or if they can be construed as a devise of it, the statute did not run against the debt, as it continued to exist, and was recognized by the numerous quarterly payments. If the writings were executed as a result of the compromise averred in the answer, then the question of the statute of limitations is not a practical one, as the establishment of the alleged compromise is a complete defense. If the writings could be so construed as to mean that D. L. Price had acquitted S. Price of his indebtedness to him in consideration of the amounts of the quarterly payments provided for, then the indebtedness ceased to exist; therefore was not barred by the statute of limitations. The writings do not import that D. L. Price accepted the $62.50 quarterly in consideration that he release S. Price of his indebtedness to him, for it recited that they were made as interest on the $4,000, which ceased at payee's death. To hold that the statute of limitations bars a recovery would require us to say that the writings did not import that the quarterly payments were made as interest on a debt which the payor owed. This can not be done, because it is expressly stated in the writings that they are made as interest on the $4,000 debt which payor owes the payee. Had D. L. Price notified S. Price the day after the writings were executed that he revoked the "devise" or promise "to give" the $4,000, it would not have precipitated the maturity of the debt, because the quarterly payments were

to be made as interest on the debt during his lifetime. It was an agreement that the quarterly payments at least should give the payor indulgence on the debt during the life of the payee. A revocation of the promise to give the $4,000 did not give the payee the right to enforce its payment during his lifetime. The agreement to make such payments was sufficient consideration to uphold the contract that the debt was not to be collected during the lifetime of the payor. If the payee could not precipitate the maturity of the debt, the statute of limitations did not begin to run. Even if the "devise" or promise "to give" had been revoked, as supposed above, and it would have had the effect of maturing the debt, the statute would not have barred a recovery, because each payment was a recognition of the debt.