CASE 71—ACTION BY AUGUST RODEMER AGAINST GEORGE RETTIG, EXECUTOR, AND ANOTHER ON A NOTE.—JAN. 29.

# Rodemer v. Rettig, &c.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

GIFT—STIPULATION IN NOTE—EFFECT.

Held: 1. A stipulation in a note executed for a valuable consideration, and due one day after date, provided that it should become null and void on the death of the payee. There was evidence of an intent that the daughter of the payee, who was the wife of the maker, should have it as a gift. The maker paid interest thereon until the death of the payee, but the note was never de-

Rodemer v. Rettig, &c.

livered to the daughter.     HELD, not to constitute a gift *inter vivos.*

2. A stipulation in a note that it should become null and void on the death of the payee, though intended to constitute a gift of the note, does not affect the validity of the note, where it was never delivered to the donee, but it remained an asset of the estate on the death of the payee.

HARVEY MYERS, ATTORNEY FOR APPELLANT.

George Rettig being indebted to his wife's mother, Mrs. Rodemer in the sum of $2,000, executed to her his note, as follows:

"Covington, Ky., March 3, 1896.     One day after date, I promise to pay to the order of Barbara Rodemer, $2,000, with interest at five per cent, per annum.     This note, however, to become null and void on the death of said Barbara Rodemer."

Signed, "George Rettig."

The note was never delivered to Rettig, but was retained by Mrs. Rodemer up to her death, April 13, 1899.     By her will after a special bequest of $300, she provided as follows:   "All the rest of my estate, consisting of money, I hold in building associations, notes, and what moneys I may have at the time of my death I give, devise and bequeath to my son, August Rodemer and my daughter, Mary Rettig.

1. We contend that the note was either an advancement or a gift.     If an advancement, it should be charged against the share of the daughter, Mary Rettig.     If a gift it failed, because there was no delivery.

2. The writing upon the face of the note was an effort to make a testamentary disposition of the property and is in conflict with the laws of the State regulating testamentary dispositions, and therefore void.

### AUTHORITIES CITED.

Bowles v. Winchester, 8 Bush, 12; Am. & Eng. Ency. of Law, 2d ed.; Simmons v. Savings Society, 31 O. S., 457; Gana v. Fisk, 43 O. S., 462; Flanders v. Blandt, 45 O. S., 108; Starr, 9, O. S., 74; Martin v. Funk, 75 N. Y., 134; Keepers v. The Deposit Co., 56 N. J. L., 302; McChord's Admr. v. McChord, &c., 77 Mo., 166; Cutting v. Gilam, 4 N. H., 147; Meriwether v. Morrison, 78 Ky., 573; Stephenson's Admr. v. King, &c., 81 Ky., 430.

H. J. GAUSEPOHL, ATTORNEY FOR APPELLEES.

I contend that the $2,000 in controversy was a contract entered into by the parties thereto, in which it is expressly stipulated that the note was absolutely void at the death of the

payee, and that all she desired was five per cent. interest on the $2,000, and no more, as long as she lived, and when she died the note became void and formed no part of her estate. Mc-Glasson v. McGlasson, 56 S, W., 5; Meriwether v. Morrison, 78 Ky., 753.

Opinion of the court by JUDGE PAYNTER—Reversing.

Barbara Rodemer died testate in Kenton county on April 13, 1899, leaving two grown children, a son and a married daughter, appellant and appellee Mrs. Rettig. After a special bequest of $300, she disposed of the rest of her estate in the following language, to-wit: "All the rest of my estate, consisting of money I hold in building associations, notes, and what moneys I may have at the time of my death, I give,. devise and bequeath to my son, August Rodemer, and my daughter, Mary Rettig." She left personal property, consisting of. notes and stock in building associations, other than the note here in controversy, amounting to $2,432.79. The question involved is whether or not a note which the appellee George Rettig executed to her is part of her estate. It is as follows: "2,000.00. Covington, Ky., March 3d, 1896. One day after date I promise to pay to the order of Barbara Rodemer two thousand dollars, with interest at 5 per cent. per annum. This note, however, to become null and void on the death of said Barbara Rodemer. [Signed] George Rettig. No ——. Due ——." She collected the five per cent. on the note from the time it was executed until the time of her death, except the interest for the last year. George Rettig executed his note to her for $2,500 for borrowed money, and afterwards paid $500 on it. For the balance of the note he executed the $2,000 note. The $2,000 note remained unpaid at her death, and the payor claims it was a gift to his wife. As an evidence of it he relies upon the terms of the note and other testimony tending to show that she intended

her daughter to have it as a gift. The appellant insists there never was any delivery of the note, and therefore it was not a gift *inter vivos*, while the appellee insists that it was by the terms of the note, and that the testimony to which we have alluded shows that it was a gift. It is essential to the validity of a gift *inter vivos* or *causa mortis* that there shall be a delivery to the donee, and the property or thing given must immediately pass, and be irrevocable by the donor. Duncan's Adm'rs v. Duncan, 5 Litt., 12; Walden's Adm'r v. Dixon, 5 T. B. Mon., 170; Knott's Adm'r v. Hogan, 4 Metc., 102. It was held in Payne v. Powell, 5 Bush, 252, that a writing signed by a man purporting to make a gift of his personal estate to his sons is ineffectual because there was no actual or constructive delivery of either the writing or the property by the donor, and no acceptance by the donee. In that case the court held that a transfer by writing alone will not satisfy the requirement of delivery. Mrs. Rodemer retained possession of the note from the time of its execution until the time of her death, and controlled it, as evidenced by the fact that she collected the interest thereon annually from the payor. There was no delivery of the note at any time actually, symbolically or otherwise. The note was made payable one day after date, and there was no restriction in its terms that prevented her from compelling payment of it at any time. Suppose the following language had been indorsed on the back of the note, and signed by her, to-wit: "This note, however, to become null and void upon my death." It would not have had the effect of preventing her from collecting the note during her lifetime, nor would it have been a delivery of it to the payor. It would have been just as ineffectual, from a legal standpoint, as if it had been written in the face of the note, as was done in this

case. The note was given for a valuable consideration. In the case of Knott's Adm'r v. Hogan, 4 Metc., 100, the writing was executed at the time the note for money loaned was executed. It was stipulated that, if the payee should not collect the note in her lifetime, her representatives were directed to surrender it to the payor, "as I intend it as a gift from me to him." The court held that was not a valid gift. It is manifest from this conclusion of the court that the stipulation in the note did not amount to a gift *inter vivos,* as there was no delivery of the note. It is nothing more than an intention to make a gift. Counsel for appellee relies upon the case of Meriwether v. Morrison, 78 Ky., 573, Stephenson's Adm'r v. King, 81 Ky., 425 (5 R., 374), 50 Am. Rep., 173, and, also, upon the case of McGlasson v. McGlasson's Ex'r (24 R., 1843) 56 S. W., 510. The Meriwether case and the Stephenson case do not support counsel's position. In the Meriwether case the donor wrote upon the notes, "I transfer the within note as a gift to Miss Agnes Morrison," and handed the notes to his nephew, directing him to put them away, and give them to her after his death, and informed Miss Morrison that he had given her the notes. The court held that the jury was authorized to find that there had been an actual delivery of the notes to the nephew, as trustee for Miss Morrison. In the Stephenson case the court held that, when the donor delivered to the donee a letter containing a full description of her notes and bonds, it was a sufficient delivery to make the gift *causa mortis.* In that case the court regarded that delivery was essential, and held that delivery of the letter was equivalent to a delivery of the notes. The case of McGlasson v. McGlasson's Ex'r does support the contention of counsel for the appellee. The consideration of the note in that case was stip-

ulated to be for certain personal property. It contained this language: "If not paid during the holder's life, Leonard McGlasson, this note is void, or not attempted to be collected." The court seems to hold that, as the note was not collected during the lifetime of the payee, it was void, according to the stipulation in the note. No case is cited in support of its conclusion. It is not in accord with the rulings of this court on the question of what acts constitute valid gifts, and it is directly in conflict with Knott's Adm'r v. Hogan. We are of the opinion that the transaction as to the note did not amount to a gift of it to the daughter of the testatrix, but that it is a part of the estate devised to her son and daughter, and should be treated as an asset of the estate. In so far as the case of McGlasson v. McGlasson's Ex'r is in conflict with this opinion it is overruled.

Judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.