## Rankin v. Rose.

(Decided October 7, 1924.)

## Appeal from Henderson Circuit Court.

Gifts—Notes Given for Life Estates, Not to be Collected Unless Payee Lived to Maturity, Held Not Ineffective as Gift.—Where life estate was sold and notes were given, and it was provided in deed that notes should not be paid if grantor died before their maturity, clause as to nonliability on death of grantor prior to maturity was not ineffective as attempted gift causa mortis.

CLAY & CLAY for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Frances Cheatham owned a life estate in 39 acres of land in Henderson county. On the 24th of February, 1919, by a deed duly executed and acknowledged she conveyed this to G. M. Rankin, the recited consideration being $300.00, $75.00 in cash and two notes for $112.50 each, due and payable in twelve and twenty-four months respectively, bearing interest from date.

Following the description of the land, but preceding the habendum, there appears this provision:

"A further consideration of this sale and conveyance is that if I, Frances Cheatham, party of the first part, depart this life prior to the date of maturity of either of the two deferred payments the said notes given therefor are to be paid up to the date of my decease, and the balance, if any, to become null and void, otherwise payable to me in my lifetime."

At the same time the purchaser executed and delivered to the vendor two notes in accordance with the consideration stated, but neither of them makes any allusion to the provisions in the deed quoted *supra*.

Within two months after the execution of the deed Frances Cheatham died testate. By the provisions of her will her residuary estate was devised to Earl Rose. This included the notes in question if collectible. After their maturity Rose brought suit to enforce their collection. Rankin answered, denying liability, on the theory that under the provisions of the deed the notes should be cancelled and held void. The court sustained a demurrer

to the answer and gave judgment to the plaintiff for the amount claimed. Rankin appeals.

The case turns upon the construction of the written instruments. As it appears all were executed simultaneously they should be construed together. It is the contention of appellee that the writings show a straight sale of the vendor's interest in the land in consideration of $300.00, and that the clause quoted above was an attempted gift, *causa mortis;* but that this was ineffective for the reason that the notes were never delivered to Rankin. If such construction is correct, that conclusion is inevitable. Knott's Admr. v. Hogan, 61 Ky. 99; Rodemer v. Reddig, 114 Ky. 634.

On the other hand, it is pointed out by appellant that the age and expectancy of life of the vendor, as well as the value of the land, is unknown; that it was the intention of the parties for the purchaser to pay the entire consideration if the vendor lived as much as two years, otherwise to pay a graduated consideration therefor, and the contract in effect provides for the payment of the consideration in annual installments for a certain period, dependent upon the life of vendor, but to cease at her death if that occurs before the payments mature.

This is a plausible construction, and the fact that the notes were to be cancelled only in the event that the testator died before their maturity, and that if she outlived that period would remain in force, negatives the idea of a gift, and indicates that the parties contemplated the sum of $300.00 to be a reasonable consideration only in the event she lived two years or longer, and therefore provided for a smaller payment if she died within that time. While the case is not free from doubt we are of the opinion that such was the intention of the parties.

Wherefore, appeal is granted and case reversed with cause remanded for proceedings consistent with this opinion.