## Milligan et al. v. Gwinn's Adm'r et al.

June 2, 1942.

S. S. Willis, P. H. Vincent and Wm. T. Smith for appellants.

Thomas E. Nickel for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mattie Gwinn owned two lots in Russell, Kentucky. On May 5, 1934, she sold them to the appellants, William and Lillian Milligan, for $2,000. The Milligans paid $200 cash and executed the following note for the balance:

"May 5, 1934.

"$1800.00

"Each month after date we promise to pay to the order of Mattie Gwinn, Eighteen Hundred and 00/100 dollars, with interest at 6 per cent per annum on unpaid balance, at the rate of $25.00 per months until, principal and interest all fully paid and in accordance with a contract of even date herewith which is a part of this note.

"William Milligan
"Lillian Milligan

"No. —— Due $25.00 each month."

The contract referred to in the note set forth that Mattie Gwinn agreed to and did sell two lots to the Milligans for $2,000, $200 of which was cash in hand paid, and the balance to be covered by the foregoing note. It also set forth the description of the property and that "The said party of the first part (Mattie Gwinn) agreed to deliver to the party of the second part (the Milligans) a deed of general warranty for the said premises when the above mentioned consideration has been fully paid and satisfied." The Milligans were given the right to pay the balance at any time, and it was also agreed that, in the event of a default in three monthly payments, the contract should be at an end at the option of Mattie Gwinn and the amount paid thereunder considered as rent. The Milligans were to list the property for taxes and to keep it insured. The last paragraph of the contract, which was signed by all the parties, is as follows:

"In the event of the death of the party of the first part before this debt shall have been paid it is understood and agreed between the parties hereto that the parties of the second part shall bear the expenses of a suitable funeral for the party of the first

part and they agree that the expenses of said funeral shall be about Five Hundred Dollars and, in which event and after payment of the funeral expenses in full, it is the intention of the party of the first part that this contract shall operate as a deed provided, however, that the funeral expenses shall remain a lien upon the property for the benefit of the persons to whom the funeral expenses may be owing.''

This case involves the construction of the aforementioned note and contract. The controversy arose in this manner: Mattie Gwinn died early in 1935. Late in December, 1934, she made a will under which she left the Milligan note and the property in question to H. G. Woodson. R. H. Riggs was appointed administrator with the will annexed of the estate of Mattie Gwinn in March, 1940. He and Woodson instituted this proceeding to collect an alleged balance of $1,322.50 on the note. The difference between the amount sought and the face value of the note, $1,800, was accounted for by the fact that the Milligans expended $477.50 for the funeral expenses of Mattie Gwinn in keeping with the contract. The position of the Milligans was that the note had been discharged since they had complied with the contract. They are appealing from a judgment which went against them on the pleadings.

This case is analogous to the cases referred to in the Annotation in 127 A. L. R. 634, entitled ''Validity and effect of agreement that debt or legal obligation contemporaneously incurred shall be extinguished or terminated by death of creditor or obligee.'' The Annotation shows that the weight of authority is in favor of the validity of such an agreement. The Kentucky cases of Price's Adm'x v. Price's Adm'x, 111 Ky. 771, 64 S. W. 746 (rehearing denied in 111 Ky. 782, 66 S. W. 529), and Rankin v. Rose, 204 Ky. 723, 265 S. W. 290, are cited in support of the validity of such agreements, while the cases of Knott's Adm'r v. Hogan, 4 Metc. 99, and Rodemer v. Rettig, 114 Ky. 634, 71 S. W. 869, are cited as holding the contrary. Speaking generally, the authorities seem to hold that such agreements do not constitute gifts or testamentary dispositions, but rather are valid contractual obligations.

Clearly the case before us involves valid contractual obligations. Here we have not only an agreement that the balance of a debt be extinguished at the death of the

creditor, but also a provision requiring the purchasers to meet substantial burial expenses of the creditor. Certainly this was a part of the consideration entering into the agreement of the Milligans to purchase Mattie Gwinn's property. Had Mattie Gwinn lived until there remained a balance of only $100 or so on the $1,800 note, the Milligans would still have been required to meet funeral expenses to the amount of some $500. Had that been the case, the purchase price of the property would not have been $2,000, but some $2,400.

The cases of Knott's Adm'r v. Hogan and Rodemer v. Rettig, supra, are not in point. In the Knott case, at the time of the execution of the note the payee delivered a writing stating that she had loaned the amount of the note and that the interest was to be paid if required. The writing further provided that, if the note should not be collected during the payee's lifetime, it should be surrendered to the maker, since she had intended it as a gift. The payee died before the note became due. The holding was that there was no valid gift, since it was not irrevocable and the payee died before there was opportunity to enforce the payment of the note. The Rodemer case is to the same effect. There the note provided that it should become null and void on the death of the payee. An examination of the cases cited in the Annotation referred to in 127. A. L. R. 634 shows that these two cases are not in line with the weight of authority on the subject.

The case of Rankin v. Rose, supra, seems to be our nearest one in point. In that case there was a sale of a life estate. Part of the purchase price was paid at the time of the sale, and the balance was evidenced by two notes payable in 12 and 24 months respectively. The deed provided that the notes should be paid up to the date of the grantor's death, and the balance, if any, to become null and void; otherwise, they should be paid during the lifetime of the grantor. The grantor died within two months after the execution of the deed. The court passed the idea of a gift and set forth that the parties contemplated the full amount of consideration to be a reasonable consideration only in the event the grantor lived two years or longer, and therefore provided for a smaller payment if she died within the two year period. It can be seen that, while the opinion does not expressly state that the parties were bound by their contractual

obligations, the case turned on that conception, because it is set forth in the opinion that the case turned on the construction of the written instruments and that, as they were executed simultaneously, they should be construed together. See also Price's Adm'x v. Price's Adm'x, supra.

It follows from what has been said that it is our view that the judgment should be and it is reversed, with directions for the entry of a judgment in conformity with this opinion.